608 F.2d 1308
 21 Fair Empl.Prac.Cas. 631,
21 Empl. Prac. Dec. P 30,423
Moses SAUNDERS and Willie Lewis, Individually and on behalf
of all others
similarly situated, Plaintiffs, Robert S. Dudley, Joseph L.
Ellis, Ricardo F. Paz and Preston L. Stitt,
Plaintiffs-Appellants,
v.
NAVAL AIR REWORK FACILITY, ALAMEDA, CALIFORNIA; J. M. Wolff,
in his capacity as Commanding Officer of the Naval Air
Rework Facility; Naval Air Station, Alameda, California; W.
H. Sells, in his capacity as Commanding Officer of the Naval
Air Station; Department of the Navy; J. William Middendorf,
in his capacity as Secretary of the Navy; James R.
Schlesinger, in his capacity as Secretary of Defense; United
States Civil Service Commission; Robert E. Hampton, Jayne B.
Spain, and L. J. Andolsek, in their capacities as
Commissioners of the United States Civil Service Commission;
and the United States of America, Defendants-Appellees.
 No. 78-3335.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 30, 1979.
 
 Robert S. Dudley, Alameda, Cal., Joseph L. Ellis, Newark, Cal., for plaintiffs-appellants.
 John H. Erickson, San Francisco, Cal., Mark N. Mutterperl, Washington, D. C., for defendants-appellees.
 On Appeal from the United States District Court for the Northern District of California.
 Before MERRILL and WRIGHT, Circuit Judges, and BARTELS,* District Judge.
 MERRILL, Circuit Judge:
 
 
 1
 This appeal challenges a consent decree entered on the basis of an agreement settling a class action.
 
 
 2
 The case began as a collection of seven separate class actions brought by eighteen named plaintiffs, including appellants Ellis, Dudley and Stitt, against the Naval Air Rework Facility and the Naval Air Station, both of Alameda, California, the Department of the Navy, the Department of Defense, the United States Civil Service Commission, officers of the United States charged with responsibility in the management of those agencies, and the United States of America. The seven actions were consolidated on July 12, 1974. The plaintiffs, on behalf of themselves and others similarly situated, alleged racial discrimination in violation of the Equal Employment Opportunity Act, 42 U.S.C. § 2000e-16.
 
 
 3
 The district court ordered that the cause be maintained as a class action under Rule 23, Fed.R.Civ.P., with the class consisting of all past, present and future black, Hispanic and Filipino civilian employees or applicants for civilian employment at the facilities. Negotiations looking toward settlement then commenced. Settlement was reached September 26, 1977, and submitted to the district court for approval. On June 28, 1978, the court gave tentative approval and notice to the class members, 2500 in number. Time was fixed within which objections to the settlement could be filed and class members could elect to exclude themselves from the settlement pursuant to Rule 23(c)(2) (A).
 
 
 4
 Objections were received from ten persons, including appellants. Those of one objector were rejected by the district court as untimely. The remaining objections were referred to a magistrate who held an evidentiary hearing. By the time of the hearing, the objections of all but four of the objectors had been withdrawn. On September 15, 1978, the magistrate filed with the court his recommendation that all objections be overruled. On September 16, 1978, the district court adopted the magistrate's recommendation and the consent decree was entered on September 28, 1978.[1] This appeal followed. The appeal of one objector has been voluntarily dismissed. The objections of Dudley, Ellis and Stitt are the only ones remaining.
 
 
 5
 The major portion of the decree deals with prospective attainment of specific goals in the employment and promotion of blacks, Hispanics and Filipinos and in their participation in apprentice programs. Procedures to be followed in the granting of promotions and in the handling of EEOC complaints are set forth. Procedures for the monitoring and enforcement of the decree, including reporting by defendants as to compliance, are included, and jurisdiction is retained by the district court for five years after entry of the decree.
 
 
 6
 The decree also provides for monetary relief. The sum of $500,000 is to be paid by defendants to counsel for the class, who shall hold the fund in trust for the class members. Formulae are set forth by which the amount of back pay due to each class member is to be calculated. A form of claim is set forth, to be filled out and filed by each claimant on the basis of which the amount due him can be calculated pursuant to the formulae. Each claimant is to be notified of the sum due him, with opportunity to object and present further evidence. Unresolved claims are to be submitted to a magistrate for resolution. When all claims are resolved a report is to be made to the court.
 
 
 7
 Monetary relief is specifically provided for each of the named plaintiffs in amounts ranging from $5,000 to $15,000. Appellants Dudley and Stitt are awarded $6,500 each. Appellant Ellis is awarded $10,000. Some of the named plaintiffs (but none of the appellants) also are granted special additional relief, including promotion, lump-sum back pay, and retroactive benefits such as back dated promotion and crediting of time for future promotions.
 
 
 8
 Appellants objected to the procedures followed by the district court as noted in footnote 1. Further, they objected that the decree did not adequately protect against discrimination in the machine shop.[2] Other than these matters, appellants' objections related solely to the compensation and special relief provided for the named plaintiffs. Each appellant complains that he was unjustly awarded less than other plaintiffs were to receive; that the standards applied to others were not applied in his case.
 
 
 9
 Appellants contend that in disposing of their objections the magistrate's recommendations did not contain findings with the degree of specificity required by Mandujano v. Basic Vegetable Products, Inc., 541 F.2d 832 (9th Cir. 1976). In that case, this court stated:
 
 
 10
 "The hearing which an objection of substance makes necessary must be sufficient to enable the trial court to set forth on the record a reasoned response thereto. Such findings of fact and conclusions of law as may be necessary to support the response must also appear on the record. Objections found to be without substance and frivolous require no hearing, but the trial court should set forth on the record its reasons for so considering the objection. * * *
 
 
 11
 * * * The interests Title VII is designed to secure are sufficiently important to warrant procedures which minimize the risk of those interests being prejudiced by the normal pressures to settle complex litigation affecting a substantial part of the work force of an employer. The employer, the attorneys of the class, the class members with the most to gain from the proposed settlement, and, as in this case, sometimes the EEOC will support the compromise. Against this array may stand, again as in this case, a few dissenters. They deserve the consideration we suggest. If they are not spoilers, the record should reflect that fact. Only then can it be said with assurance that the settlement is just."
 
 
 12
 541 F.2d at 836 (footnote omitted).
 
 
 13
 In this case the magistrate at the time of hearing is asserted to have limited appellants to ten minutes each in presenting their objections. The magistrate's report contains no findings in support of his recommendations. We find in the record no transcript of the hearings. If the objections were felt by the magistrate to be frivolous, the reasons for so considering them were not set forth. The magistrate's recommendations were summarily adopted by the district court without further hearing or findings, and before objections to the magistrate's findings and recommendations were due. The standards set by Mandujano clearly have not been met.
 
 
 14
 On behalf of appellees it is argued that the exception to the Mandujano standards set forth in Marshall v. Holiday Magic, Inc., 550 F.2d 1173 (9th Cir. 1977), should apply here. There, this court stated:
 
 
 15
 "Of course, the district court must provide a record which adequately reveals the basis for its decision. This court has stated that when objections are made, the trial court must set forth on the record a reasoned response thereto. Mandujano v. Basic Vegetable Products, Inc., 541 F.2d 832, 836 (9th Cir. 1976). The findings of fact and conclusions of law set forth by the district court provide an adequate basis for this court to determine that the settlement was indeed fair. However, these findings did not provide a 'reasoned response' to appellants' objections as required by Mandujano.
 
 
 16
 But we do not think that such specificity was required here. Appellants object to this settlement not on behalf of the class but because of their potential liability as defendants and their inability under the settlement to sue for indemnity or contribution from Holiday Magic. This is an understandable concern, but one which would have been solved by opting out of the class. They then would have preserved any separate cause of action against Holiday Magic, including one for indemnification or contribution.
 
 
 17
 Appellants now are playing spoilers. The court in Mandujano recognized that specific responses to objections in such an instance were unnecessary. Id. at 836. We believe that the failure of the district court to give detailed responses to appellants' objections does not call for throwing out a settlement in a complicated lawsuit for a class of more than 31,000 people."
 
 
 18
 550 F.2d at 1178-79.
 
 
 19
 Marshall is distinguishable from this case. The objections of the Marshall appellants were clearly antagonistic to the remainder of the class. As to those objections, the appellants were actually adverse parties. Further, as pointed out by Judge Kennedy, concurring, 550 F.2d at 1179, Marshall was a Rule 23(b)(3) class action.[3] The opt-out provisions of Rule 23(c)(2)(A)[4] are limited to such class actions. In our case the greater part of the consent decree provides injunctive and declaratory relief with respect to the class as a whole. To this extent, at least, the decree serves to render the action one maintainable under Rule 23(b)(2).[5]
 
 
 20
 To require appellants to opt out of the class as a condition to pressing their individual claims would require them to abandon all rights to the class-wide relief provided and, presumably, require them to litigate on their own behalf their rights to such form of relief. The opt-out practice as we understand it, limited as it is to (b)(3) actions, assumes the relief sought in the independent action to be separate and apart from that awarded to the class by injunction or declaratory judgment. It does not assume the relitigation of that which has been settled by class-wide injunctive or declaratory relief. On this record it cannot be said that appellants' objections are frivolous. We assume, then, that they are objections that appellants had every right to make. Appellants cannot be characterized as spoilers for refusing to suffer forfeiture of their rights as class members as a condition to pressing their individual claims.
 
 
 21
 We conclude that remand is necessary in order that a reasoned response to appellants' objections can be forthcoming. We leave to the district court the decision whether further hearing should be had, with the admonition that if further hearing is to be dispensed with it should follow inquiry into the sufficiency of the hearing already had and a finding of such sufficiency.
 
 
 22
 Reversed and remanded.
 
 
 
 *
 Honorable John R. Bartels, Senior United States District Judge of the Eastern District of New York, sitting by designation
 
 
 [1]
 Earlier, all counsel for named plaintiffs and class members had filed a motion for leave to withdraw as counsel for appellants Ellis and Dudley, on the ground that the settlement demands of those plaintiffs were antagonistic to and in conflict with the claims of other plaintiffs and class members represented by them. This motion was granted by the district court. An order also was entered severing the actions theretofore brought by Ellis and Dudley (and consolidated with the other five actions) from the remaining consolidated action. Those individual actions remain pending before the district court. A subsequent order provided that Ellis and Dudley could "rejoin the class" by withdrawing their objections to the settlement decree. Ellis and Dudley then protested their being thus excluded from the class and, on October 3, 1978, the order was modified to provide:
 "7. All class objectors shall remain entitled to the relief provided them in the consent decree, until such time as final determination of the propriety of that settlement is made;
 
 
 [8]
 Should the decree be affirmed on appeal, the objectors shall have thirty days from the entry of the order of affirmance within which to accept the relief to which they are entitled."
 
 
 [2]
 On this appeal, these appellants assert that there are many procedures followed in the machine shop by which employees can enhance their skills, but that these procedures, by practice of the managerial employees in the machine shop, are reserved exclusively for white employees. The record indicates that material bearing on such discrimination may have been presented to the court in proceedings prior to settlement. However, there is no indication that it was made the subject of an objection to settlement or was presented to the magistrate at the hearing
 
 
 [3]
 Rule 23(b)(3) reads in part:
 "(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
 (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. * * * "
 
 
 [4]
 Rule 23(c)(2) reads in part:
 "In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date * * *."
 
 
 [5]
 Rule 23(b)(2) provides that a class action is maintainable where the conditions of subdivision (a) are satisfied and "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."