**Forrest G. ENGLISH, Plaintiff-Appellant,**

v.

**LOCAL UNION #46, etc., et al., Defendants-Appellees.**

No. 79–1569.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 17, 1981.

Decided July 16, 1981.

16. Consolidated did not have the burden of proving that the protrusion was caused during that period.

Duane D. Young, Young Law Offices, Springfield, Ill., for plaintiff-appellant.

Wm. K. Cavanagh, Springfield, Ill., for defendants-appellees.

* At the time of oral argument, Judge Swygert was a circuit judge in active service; he assumed senior status on July 1, 1981.

** The Honorable Prentice H. Marshall, United States District Judge for the Northern District of Illinois, is sitting by designation.

1. Title 29 U.S.C. § 431(c) provides:
    Every labor organization required to submit a report under this subchapter [i. e.

Before SWYGERT,* Senior Circuit Judge, SPRECHER, Circuit Judge, and MARSHALL, District Judge.**

PER CURIAM.

This is an appeal from a final judgment denying plaintiff's motion to disqualify defendants' counsel and dismissing plaintiff's complaint for failure to state a claim. We hold that the allegations of the complaint state a claim and that the magistrate and the district court acted too hastily in dismissing the action. Therefore we reverse the judgment of the district court and remand the case for further proceedings. On the other hand, we affirm the district court's denial of plaintiff's motion to disqualify defendants' counsel.

Plaintiff, Forrest G. English, is a member of defendant Local Union No. 46, International Association of Bridge, Structural and Ornamental Iron Workers. Plaintiff brought this action against Local 46 and three of its officers, under 29 U.S.C. § 431(c) seeking access to the books and records of Local 46 as they relate to the LM-2 reports filed by the union with the Secretary of Labor. The complaint alleges that the Local has been a party to a series of collective bargaining agreements pursuant to which employers are required to make certain contributions to the Joint Apprenticeship Training Committee Fund ("Fund"). The complaint further alleges that the contributions are paid to the defendant Local. Plaintiff alleges that the Local has failed to report these receipts, which plaintiff estimates to be approximately $185,000, on the Local's LM-2 reports. Plaintiff alleges that he requested defendants to permit him to examine the Local's books and records pursuant to 29 U.S.C. § 431(c)[1] and that his request was

LM-2 reports] shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records,

refused. The complaint seeks production of the Local's records and an accounting of the alleged Fund.

Attached to plaintiff's complaint are a series of collective bargaining agreements between Local No. 46 and the Central Illinois Builders of Associated General Contractors and other employers and A.G.C. of Illinois covering highway and heavy construction. These contracts all provide for contributions by the employer to various fringe benefit programs, including contributions to the Joint Apprenticeship Training Fund and to the Welfare and Pension Plans. Each contract provides:

> The ... contribution for Joint Apprenticeship Training Fund shall be paid monthly to the JATC Training Fund, c/o Iron Workers Local 46. Contributions to the Welfare Plan shall be payable monthly to the Iron Workers St. Louis District Council Welfare Plan and the contributions to the Pension Program shall be payable monthly to the Iron Workers St. Louis District Council Pension Fund, all these on forms provided by the Fund Office. The said Welfare Plan, Pension Plan and JATC Training Fund shall be administered in accordance with an agreement and declaration of trust administered jointly by an equal number of representatives of the EMPLOYERS and the UNION, which agreement and declaration of trust, together with any amendments thereto, shall conform to all requirements of law. A copy of said agreement and declaration of trust, together with any amendments thereto, shall be considered as part of this Agreement as though set forth here at length.

The collective bargaining agreement for the period May 1, 1977 through April 30, 1980 (Exhibit A–6 to plaintiff's complaint) contains a section on enforcement of contributions due to the Iron Workers St. Louis District Council Pension and Welfare Plan. The excerpt of the contract appended to plaintiff's complaint does not contain a comparable provision as far as the JATC Fund is concerned.

Also attached to plaintiff's complaint is an example of the form which employers use in computing and reporting contributions to the various funds. It is entitled, "Bridge, Structural & Ornamental Iron Workers Local Union No. 46, JATC Fund Apprenticeship Training Program and Central Illinois Industry Advancement Fund." On one line the employer is to compute and report the contribution to Local 46 JATC Fund at eight cents (8¢) per hour. The employer is instructed, "Your check in this amount should be drawn payable to Local 46 JATC Fund and mailed to our [i. e. Local 46's] office 2888 East Cook Street, Springfield, Illinois, by the 15th of the month following the month covered by this report." Another line on this same form is to be used by the employer to report its contribution to the Central Illinois Builders Industry Advancement Fund at five cents (5¢) per hour. Here the employer is instructed, "Your check in this amount should be drawn payable to Central Illinois Builders Industry Advancement Fund and mailed to Central Illinois Builders' Industry Advancement Fund, Springfield Marine Bank, Springfield, Illinois 62701 by the 15th of the month following the month covered by this report."

Finally, there are attached to plaintiff's complaint a series of LM–2 reports filed by Local 46 which make no mention of the JATC Fund either as cash on hand or an account receivable owed by the employers to Local No. 46.

■ The defendants responded to plaintiff's complaint with a motion to dismiss for want of subject matter jurisdiction and alternatively a motion for summary judgment. The motion to dismiss erroneously asserted that the matters set forth in plaintiff's complaint "are totally within the jurisdiction of the Secretary of Labor, pursuant to Title 29, U.S. Code, Section 440." This motion was not ruled upon by the

---

and accounts necessary to verify such report. The court in such action may, in its discretion, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

district court. Because it raises a question of subject matter jurisdiction we must address it. The motion was ill-founded. Clearly plaintiff's complaint falls within the express provisions of 29 U.S.C. § 431(c).

Defendants' motion for summary judgment was verified by Local 46's business manager. In essence, it stated that the Local's operations are separate and distinct from those of the Joint Apprenticeship Training Committee and the JATC Fund. The motion asserts that employer contributions are made directly to the Fund "which is a trust fund controlled and operated by Trustees composed equally of employer trustees and Union trustees." The motion asserts that employer contributions are made directly to the Fund "which is a trust fund controlled and operated by Trustees composed equally of employer trustees and Union trustees." The motion asserts that employer contributions made to the JATC Fund "are reported elsewhere, namely on the Joint Apprenticeship Training Committee's LM–2."

Plaintiff responded to defendants' motion for summary judgment with a counteraffidavit in which he asserted that "according to the constitution and bylaws [of Local 46] . . . the assessments or contributions to be made to [the JATC] Fund . . . are to be payable to . . . Local #46." The affidavit goes on to state that in light of defendants' assertion that the JATC Fund contributions are reported by the Committee on its LM–2 reports, plaintiff inquired of the appropriate offices of the Secretary of Labor and has been advised that no LM–2 reports were filed on behalf of the Committee or the Fund.

At this juncture plaintiff moved that defendants' counsel, William K. Cavanagh, Esq., be disqualified from further participation in the action in behalf of defendants upon the ground that plaintiff had consulted Cavanagh as recently as 1976 with respect to the matters in controversy. Mr. Cavanagh responded to this motion with an affidavit that he has not been consulted by plaintiff with respect to the matters in controversy. In addition Mr. Cavanagh submitted a stipulation executed by plaintiff in another action in which plaintiff appeared *pro se* and Cavanagh represented the defendants in which plaintiff and Cavanagh stipulated "that from and after 1969, William K. Cavanagh has not represented Forrest English as an attorney on any matter" and that "there is no reason known to them, legally, morally or ethically, why the said William K. Cavanagh cannot undertake the representation of the [defendants in that action]."

The district court referred the several pending motions to a magistrate for hearing and recommended disposition. Neither plaintiff nor his counsel appeared at the scheduled hearing.[2] The magistrate first considered and denied plaintiff's motion to disqualify Mr. Cavanagh as counsel for defendants. The magistrate then turned to the merits of the action. Seemingly recognizing that the cross-affidavits filed on the motion for summary judgment raised material issues of fact, the magistrate, on his own motion, considered defendants' motion for summary judgment as a motion made under Rule 12 of the Federal Rules of Civil Procedure and concluded "that as to the named defendants, the plaintiff has failed to state a claim on which relief can be granted. It seems evident from the present state of the record in this case that the plaintiff is seeking relief against the wrong parties."

The magistrate's recommendation was transmitted to the district court. Plaintiff filed timely objections to the recommendation, again asserting that under the collective bargaining contract payments to the JATC Fund are to be paid to Local Union No. 46, and accordingly must be included in Local Union No. 46's LM–2 reports and that contrary to defendants' motion for summary judgment separate LM–2 reports have not been filed by the JATC Fund.

The district court promptly considered the magistrate's recommendations and the

---

**2.** Plaintiff states he received no notice of the hearing. Because of our disposition of the mer- its of the appeal we need not consider the question of alleged lack of notice.

plaintiff's objections thereto and approved the recommendation. The district court, like the magistrate, seemingly considered defendants' motion as one to dismiss the complaint for failure to state a claim. Thus, it entered a final order denying plaintiff's motion to disqualify Mr. Cavanagh as counsel for defendants and granting "defendants' Motion to Dismiss the Complaint . . . for failure to state a claim upon which relief can be granted." Judgment was entered pursuant to the order and this appeal followed.

█ Because the order denying plaintiff's motion to disqualify Mr. Cavanagh was included in the district court's final order and judgment, it is properly before us on appeal. *Cf. Firestone Tire & Rubber Company v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). The motion to disqualify was addressed to the district court's discretion. It is uncontradicted that plaintiff agreed in another action that Mr. Cavanagh had not represented him since 1969. The matters in controversy in this action have all arisen since May 1, 1973. *See* Exhibit A–1 to plaintiff's complaint. Mr. Cavanagh disputes that plaintiff ever consulted him with respect to the matters here in controversy. The district court did not abuse its discretion in denying the motion to disqualify.

Because the magistrate and the district court treated defendants' motion for summary judgment as one to dismiss for failure to state a claim, we must first determine whether the complaint and the exhibits thereto demonstrate that plaintiff is not entitled to any relief. Clearly they are not so deficient. The complaint alleges that employer contributions are made to the Local and that these contributions are not accounted for in the Local's LM–2 reports. The exhibits attached to the complaint do not contradict these allegations. Thus, the collective bargaining agreement instructs that contributions for the Joint Apprenticeship Training Fund "shall be paid monthly to the JATC Training Fund, c/o Iron Workers Local 46." In contrast, payments to the Welfare and Pension Funds are directed to

be made to the Iron Workers St. Louis District Council.

The computation and reporting forms which employers are instructed to use in making their contributions direct that the Local 46 JATC Fund contribution be made by check "drawn payable to Local 46 JATC Fund and mailed to our office" in Springfield, Illinois. In contrast, again, payments to the Central Illinois Builders Industry Advancement Fund are to be made to that fund at "Springfield Marine Bank, Springfield, Illinois."

█ Thus, it appears from the face of the complaint and the exhibits attached hereto that, in the first instance, the JATC Fund payments are made to Local 46. If that be the case, Local 46 is obliged to account for those payments even if they may later be transmitted to a joint trusteeship as seemingly contemplated by the collective bargaining agreement. In short, from the face of the complaint it appears that defendants are obliged to account for the JATC Fund payments, are obliged to report those payments on Local 46's LM–2 reports, and are obliged to make Local 46's books and records available to plaintiff under § 431(c) so that he may ascertain the accuracy of the LM–2 reports.

█ Because defendants' motion was presented as one for summary judgment— although not treated as such by either the magistrate or the district court—we consider here how the motion would fare as one for summary judgment rather than remanding it to the district court for such a hearing. From the affidavits in the record, it is clear that there are disputed material issues of fact on the motion. Perhaps the most significant is defendants' assertion that the JATC files its own LM–2 reports. Plaintiff's counteraffidavit and his objections to the recommendation of the magistrate both dispute that assertion. Both plaintiff and his counsel state by affidavit that they have made inquiry of the Secretary of Labor with respect to the existence of separate LM–2 reports filed by the JATC Fund and have been told that none exist. The affidavits contain other disputed mate-

rial facts dealing with the way JATC Fund payments are handled. Disputes of this nature cannot, of course, be resolved by a district court of a motion for summary judgment.

This case presents an example of the problems which occur when a district court fails to scrutinize carefully the recommendations of a magistrate. We recognize the time pressures under which district judges must work and that magistrates may be a source of assistance to a busy district judge. But a district judge must do more than rubber stamp a magistrate's findings and recommendations. If district judges are not to abdicate their judicial responsibility they must make independent judgments of the issues presented in a case that has been referred to a magistrate for recommendation. In this case the district judge stated, "I find the proposed findings are correct in all respects and that the recommendation submitted by the Magistrate is appropriate." Of course there were no proposed findings for the magistrate's recommendation was that the complaint be dismissed on its face for failure to state a claim. The plaintiff raised in his objections to the recommendation of the magistrate the errors which we have described. It is difficult to comprehend how the district judge failed to recognize that the complaint stated a claim under § 431(c) and that a significant factual dispute existed between the parties with the result that the case was not a proper one for either dismissal under Rule 12 or a summary judgment.

The judgment is reversed and the cause is remanded to the district court for proceedings consistent with this opinion.

Reversed and Remanded.