671 F.2d 1185
 VEKAMAF HOLLAND B.V., Cojafex B.V., and Inkamaf B.V., Appellants,
v.
PIPE BENDERS, INC., Modern Constructors of Duluth,
Minnesota, Inc., Marvin W. Meierhoff and Robert M.
Meierhoff, Appellees.
 No. 81-1686.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 8, 1982.
Decided March 5, 1982.
 
 Richard J. Flynn, John E. Haley, argued, Richard E. Young, Sidley & Austin, Washington, D. C., Robert K. McCarthy, Donovan, McCarthy, Crassweller, Larson & Magie, Duluth, Minn., for appellants.
 John D. Gould, argued, Douglas A. Strawbridge, Merchant, Gould, Smith, Edell, Welter & Schmidt, P. A., Minneapolis, Minn., for appellees.
 Before LAY, Chief Judge, STEPHENSON, Circuit Judge, and OVERTON,* District Judge.
 LAY, Chief Judge.
 
 
 1
 This is an appeal from a lengthy and involved action for breach of a written secrecy agreement, patent infringement, and misappropriation of trade secrets involving machines utilizing a continuous inductive heating method of bending large diameter metal pipes. With the parties' consent the case was referred and tried to a magistrate sitting as a special master pursuant to 28 U.S.C. § 636(b)(2). The defendants moved for summary judgment to dismiss all three counts; the magistrate recommended summary dismissal of the breach of agreement count, and the district court so ordered. Following an additional hearing, the magistrate recommended summary judgment as to the other two counts, but the district court denied the motions. The case was tried to the magistrate without a jury from July 7, 1980, to July 25, 1980, and included 13 days of testimony and an inspection of defendants' operations. Extensive post-trial briefs were submitted, and on February 18, 1981, the magistrate submitted a 69-page report containing involved findings of fact and conclusions of law recommending dismissal of the patent infringement and misappropriation of trade secrets counts. The record is obviously complex and voluminous. Plaintiffs filed 151 pages of detailed objections to the recommendations pursuant to Fed.R.Civ.P. 53(e)(2) on March 16, 1981. Two weeks after a hearing concerning these objections, the district court, the Honorable Miles W. Lord presiding, adopted the magistrate's recommendation in toto and entered the final judgment dismissing the remaining counts. The court's brief order enunciated the governing standards of review but addressed none of the particular facts of the case or the plaintiffs' numerous objections.
 
 
 2
 Plaintiffs now appeal challenging, inter alia, the district court's order on the grounds that it merely "rubber stamped" the recommendation of the magistrate. See English v. Local Union # 46, 654 F.2d 473, 478 (7th Cir. 1981); see also Duryea v. Third Northwestern National Bank, 602 F.2d 809, 810 (8th Cir. 1979). We, of course, must presume that the district court conducted a thorough analysis of the record and report in light of the objections before adopting the magistrate's recommendations. However, because of the complexity of the issues and the magnitude of the plaintiffs' objections, we feel it is incumbent upon the district court to set forth on the record a reasoned response to the objections, see Saunders v. Naval Air Rework Facility, 608 F.2d 1308, 1311 (9th Cir. 1979), which will disclose to the parties and to a reviewing court the basis of the trial court's decision. Cf. Oil, Chemical and Atomic Workers International Union v. NLRB, 547 F.2d 575, 581 (D.C.Cir.), cert. denied, 431 U.S. 966, 97 S.Ct. 2923, 58 L.Ed.2d 1062 (1977).
 
 
 3
 We are well aware of the time restraints within which the district court must operate and the needs which special masters and magistrates fulfill in expediting an already overcrowded federal docket. Notwithstanding, the Federal Magistrates Act, 28 U.S.C. §§ 631-639, was designed to complement and assist the federal judiciary, see United States v. First National Bank, 576 F.2d 852, 853 (10th Cir. 1978), not to supplant it. See United States v. Raddatz, 447 U.S. 667, 681-83, 100 S.Ct. 2406, 2415-16, 65 L.Ed.2d 424 (1980). A potential risk of the magistrate's report becoming a de facto magistrate adjudication arises unless the district court renders a thorough judicial analysis of disposition recommendations. In the passage of the Federal Magistrates Act, Congress did not intend an erosion of the underlying responsibilities and policies of the Article III judicial office.
 
 
 4
 This cause is remanded to the district court to analyze and discuss the plaintiffs' objections and the magistrate's report in order to provide proper and discernible grounds for appellate review. The district court should certify within 120 days its reasoned response to plaintiffs' objections and its reasons for adopting the magistrate's report. This court shall retain jurisdiction of the appeal pending certification by the district court. Thereafter, the court will render its review of the district court's judgment.
 
 
 5
 It is so ordered.
 
 
 
 *
 William Ray Overton, United States District Judge, Eastern District of Arkansas, sitting by designation