**In re DILLON CONSTRUCTION COMPANY, INC., Debtor.**

**HOME FEDERAL SAVINGS & LOAN ASSOCIATION, Appellee,**

v.

**DILLON CONSTRUCTION COMPANY, INC., Phyllis B. Dillon, Gerald W. Dillon, Appellants.**

Shrader Construction Company, Inc., and Pine Lake Country Club, Inc.

Nos. 89–2942, 90–1082.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1990.

Decided Jan. 7, 1991.

William L. Owen, Little Rock, Ark., for appellants.

T. Martin Davis, Little Rock, Ark., for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Gerald and Phyllis Dillon ("the Dillons") appeal from the order of the District Court[1] entering judgment in favor of Home Federal Savings & Loan Association ("Home Federal"). We affirm.

In 1985, Dillon Construction Company, Inc. ("Dillon Construction") entered into a line of credit loan agreement and a profit participation agreement with Home Federal. The purpose of these agreements was to provide financing for a real estate project to be undertaken by Dillon Construction. The line of credit was for $600,-000. In a separate transaction in 1986, Home Federal loaned Dillon Construction $1,850,000. The note evidencing this loan ("Whispering Pines note") was guaranteed personally by the Dillons.[2]

In 1987, Home Federal breached the line of credit agreement. Shortly thereafter, work on the real estate project ceased because of a lack of funding. Later in 1987, Home Federal filed eight foreclosure actions in state court against, among others, Dillon Construction and Gerald and Phyllis Dillon. In April 1988, Dillon Construction filed for Chapter 11 bankruptcy, and removed the state foreclosure actions to the District Court, which subsequently referred the proceedings to the Bankruptcy Court.[3] The Bankruptcy Court ruled that seven of the eight cases are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B), (K) (1988), and entered final judgment in those cases.[4] As to the remaining case, i.e., the action between Home Federal and the Dillons that is the subject of this appeal, the Bankruptcy Court ruled it to be a related proceeding pursuant to 28 U.S.C. § 157(c). The Bankruptcy Court conducted an evidentiary hearing in this case and thereafter issued a thorough and extensive memorandum opinion containing the court's recommended findings of fact and conclusions of law.

Based on its recommended findings of fact, the Bankruptcy Court concluded that Home Federal is entitled to a judgment against the Dillons on their guarantee of the Whispering Pines note. The court found no evidence of a defense to Home Federal's claim.

The Dillons filed an objection to the Bankruptcy Court's recommendations, contending that Home Federal's breach of the line of credit agreement relieved them from their liability as personal guarantors of the Whispering Pines note. On October 27, 1989, the District Court adopted the Bankruptcy Court's proposed findings and conclusions in their entirety, and entered judgment against the Dillons for more than $2,275,000 in principal, interest, taxes, and attorney fees. The Dillons filed a motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b), which the District Court denied.

After filing their appeal to this court, the Dillons moved to correct the record pursuant to Fed.R.App.P. 10(e), claiming that the record was incomplete because the entire record was not transmitted from the Bankruptcy Court clerk to the District Court clerk. The District Court denied this motion, stating that the record reviewed by the District Court was complete.

For reversal, the Dillons raise three issues: (1) the District Court did not conduct a de novo review of the record before adopting the Bankruptcy Court's recommendations; (2) the District Court erred in

---

**1.** The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

**2.** Gerald Dillon was the sole stockholder of Dillon Construction. Phyllis Dillon was its secretary.

**3.** The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern District of Arkansas.

**4.** These cases are not the subject of this appeal.

not ruling that Home Federal's breach of the line of credit agreement relieves them from liability as guarantors of the Whispering Pines note; and (3) the District Court erred in denying their Rule 60(b) motion for relief from judgment.

■ We begin with the Dillons's argument that because the complete record of the proceedings before the Bankruptcy Court was not physically transmitted to the District Court clerk, the District Court could not have conducted the *de novo* review required by 28 U.S.C. § 157(c)(1) and Bankruptcy Rule 9033, 11 U.S.C. (1988). This argument is without merit. In issuing its October 27, 1989 order adopting the Bankruptcy Court's recommendations, the District Court stated that it "has conducted a *de novo* review of the record." Joint Appendix at 46. Further, in an order denying the Dillons's motion to correct the record, the District Court noted that "[t]he assertion that the record reviewed by the Court was not complete is without merit. The entire record remained with the Clerk of the Bankruptcy Court for review by this Court. That the record was not physically moved because of its voluminous nature does not mean that the complete record was not before this Court." Appellee's Addendum at 3.

■ We agree. We do not read into either section 157(c)(1) or Bankruptcy Rule 9033 any requirement concerning the physical location of the record to be reviewed. The burden is on the Dillons to show that the District Court did not conduct a *de novo* review, which they have failed to do. *See Vekamaf Holland B.V. v. Pipe Benders, Inc.*, 671 F.2d 1185, 1186 (8th Cir.1982) ("We ... must presume that the district court conducted a thorough analysis of the record ... before adopting the ... recommendations.").

■ The Dillons next argue that the District Court erred in not ruling that Home Federal's breach of the line of credit agreement relieves them of their obligation as guarantors of the Whispering Pines note. This argument also lacks merit. Home Federal and Dillon Construction entered into the line of credit agreement in May 1985. In August 1986, some fifteen months later, these same two parties entered into another financial transaction, in connection with which the Whispering Pines note was executed. This note was guaranteed personally by the Dillons. The Bankruptcy Court's recommended findings, adopted in their entirety by the District Court, included findings that the note is valid, that the Dillons personally guaranteed payment of the note, that the note is in default, and that there is no evidence of any defense to Home Federal's claim against the Dillons. The Bankruptcy Court also found that the Whispering Pines note did not supersede the line of credit agreement, and that the breach of the line of credit agreement did not affect the Whispering Pines note, as they are two separate transactions. Based on our review of the case, we conclude that none of these findings is clearly erroneous. There is thus no " 'material alteration' of the [principal obligation] so as to discharge the guarantor." *Worthen Bank & Trust Co. v. Utley*, 748 F.2d 1269, 1272 (8th Cir.1984) (citation omitted).

■ Finally, the Dillons argue that the District Court erred in denying their motion for relief from judgment pursuant to Rule 60(b). The purpose of the motion was to obtain simultaneous review by the District Court (and eventually by our Court) of both this case and the "core" cases against Dillon Construction. We cannot say the District Court abused its discretion in denying the motion. *Cf. United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986), *cert. denied*, 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987) (action on Rule 60(b) motion may be reviewed only for abuse of discretion). To prevail on such a motion, the Dillons must show exceptional circumstances justifying such a remedy. *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989); *see also Young*, 806 F.2d at 806. The District Court held that while the Dillons might be inconvenienced by appealing the judgment against them separately from the judgments against Dillon Construction, inconvenience is not an exceptional circumstance warranting relief from judgment.

Such a ruling is not an abuse of the District Court's discretion.

The judgment of the District Court is affirmed.