ARNOLD, Circuit Judge.
 

 Design Classics, Inc., the debtor in this bankruptcy case, appeals from the order of the United States District Court for the District of Minnesota
 
 [1]
 
 denying its motion for relief from judgment brought under Fed.R.Civ.P. 60(b). Finding no abuse of discretion, we affirm.
 

 This case began when the debtor filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code. William P. Westphal was appointed United States Trustee, and is the appellee here. On 26 September 1984 the Bankruptcy Court for the District of Minnesota
 
 [2]
 
 granted the trustee’s motion to convert the case to a Chapter 7 liquidation proceeding. The debtor’s opposition to the conversion to Chapter 7 has led to this appeal.
 

 On 5 October 1984, the ninth day after the order of conversion, the debtor filed a motion to reconsider the conversion to Chapter 7, as well as a notice of appeal to the District Court. On 12 December 1984 the District Court dismissed the debtor’s appeal from the Bankruptcy Court's conversion order, holding that the Bankruptcy Court had before it a timely motion to reconsider and thus still had jurisdiction over the matter. Design Classics, Inc., did not appeal from the District Court’s order of dismissal. Instead, on 11 March 1985 it filed a Rule 60(b) motion in that Court. In that motion it first raised the jurisdictional issue which it attempts to press before this Court.
 

 The substance of the debtor’s argument in support of its motion under Rule 60(b) was that the District Court erred in dismissing the appeal because the motion to reconsider, which the District Court held was still pending before the Bankruptcy Court, had not in fact been properly served (it was apparently served on 9 October 1984, the 13th day after the Bankruptcy Court’s order) within the ten days required by Fed.R.Civ.P. 59(b). Design Classics argues that timely service, not timely filing, is the relevant event for jurisdictional purposes. If a motion to reconsider is not timely served, the time for appeal is not tolled, the order previously entered becomes final, and a notice of appeal already on file becomes effective, transferring jurisdiction to the appellate court, here the District Court.
 

 The District Court, in denying the Rule 60(b) motion, held that the appeal to it was never effectively taken since it was filed simultaneously with the motion for reconsideration filed with the Bankruptcy Court. The motion was filed within the ten-day
 
 *1386
 
 period and was therefore timely, in the District Court’s view. Bankruptcy Rule 8002(b) provides that when a timely motion is filed with the Bankruptcy Court to alter or amend a judgment, a notice of appeal filed before disposition of that motion shall have no effect. This rule is adapted from Fed.R.App.P. 4(a). The Supreme Court has indicated that an appellant “ ‘should not proceed with an appeal during pendency of the motion but should file a new notice of appeal after the motion is disposed of.’ ”
 
 Griggs v. Provident Consumer Discount Co.,
 
 459 U.S. 56, 60 n. 2, 103 S.Ct. 400, 403 n. 2, 74 L.Ed.2d 225 (1982) (per curiam),
 
 quoting
 
 Notes of Advisory Committee on Appellate Rules, 28 U.S.C.App., p. 146 (1976 ed., Supp. V).
 

 In its appeal to this Court, the debtor renews its argument that its own motion to reconsider in the Bankruptcy Court was untimely. In support, Design Classics cites a number of decisions,
 
 e.g., Gribble v. Harris,
 
 625 F.2d 1173, 1174 (5th Cir.1980) (per curiam), which hold that the ten-day period for service of post-trial motions is mandatory and jurisdictional. The debtor urges us to hold that the trial court erred in dismissing its appeal on 12 December 1984. However, we need not and do not reach that question (on which, in an appropriate case, the debtor might well prevail) since the question before us relates only to the pro priety of the trial court’s denial of the Rule 60(b) motion on 22 May 1985.
 

 Relief under Rule 60(b) is an extraordinary remedy. It lies within the discretion of the trial court, and its grant or denial may be reviewed only for abuse of discretion. Rule 60(b) relief is not appropriate as a substitute for direct appeal of a judgment, see
 
 Horace v. St. Louis Southwestern Ry. Co.,
 
 489 F.2d 632, 633 (8th Cir.1974). When an error of law is alleged, the proper vehicle for attack on that error is the direct appeal, filed either at once or after denial of a timely motion under Rule 59. Upon expiration of the time allowed for appeal, the judgment or order becomes the law of the case as to the parties. Such a judgment will be set aside only upon a showing that it was void from the beginning or that other extraordinary circumstances exist, for example, some good reason that precluded the moving party from advancing his contentions at an earlier, timely stage of the case. Here, the debtor had ample opportunity to make its jurisdictional argument in the District Court, and to appeal that Court’s 12 December 1984 order. It failed to do so. No extraordinary circumstances have been disclosed either to the court below or to us. We find no abuse of the trial court’s discretion in denying the appellant’s Rule 60(b) motion, and accordingly affirm.
 

 Our affirmance has only the effect of upholding the District Court’s refusal to set aside its own judgment under Rule 60(b). We neither approve nor disapprove that judgment on the merits. An appeal from an order denying a Rule 60(b) motion brings up for review only the question whether denial of that motion was an abuse of discretion. It does not bring up for review the merits of the underlying judgment. But affirmance of the denial of the Rule 60(b) motion necessarily leaves the underlying judgment in effect. That judgment, right or wrong, becomes the law of the case and will govern the subsequent course of proceedings. This means, in terms of the case now before us, that the parties must now proceed on the premise that the District Court lacked jurisdiction of the appeal to it, that the motion to reconsider filed in the Bankruptcy Court was timely, and that that motion is still pending before that Court. The trustee may not be heard to argue in the Bankruptcy Court that the motion to reconsider was untimely and therefore not properly before that Court. He is concluded by the District Court’s contrary ruling on that issue, which, as we have said, is now the law of this case.
 

 The Bankruptcy Court should now proceed to decide Design Classics’ motion to reconsider the order converting this case from a Chapter 11 reorganization to a Chapter 7 straight-bankruptcy liquidation. When it has decided that motion, the merits
 
 *1387
 
 of the conversion issue may be appealed by the losing party to the District Court, which will, assuming the notice of appeal is timely, have jurisdiction to decide the appeal.
 

 Affirmed.
 

 [1]
 

 . The Hon. Diana E. Murphy, United States District Judge for the District of Minnesota.
 

 [2]
 

 . The Hon. Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota.