**UNITED STATES of America, Appellee,**

**v.**

**Larry J. YOUNG, Appellant.**

**No. 86–5202.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 23, 1986.

Decided Dec. 5, 1986.

Rehearing Denied Jan. 7, 1987.

Larry J. Young, Baldwin, N.D., for appellants.

Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, N.D., for appellee.

Before HEANEY, WOLLMAN and MAGILL, Circuit Judges.

PER CURIAM.

Larry J. Young appeals from the district court's orders (1) denying his motion under Rule 60(b) for relief from judgment and (2) issuing a writ of assistance. We affirm.

## I. BACKGROUND

Young is a farmer who borrowed money from the Farmers Home Administration (FmHA) and the State Bank of Burleigh County to purchase real property. When Young failed to meet his loan obligations, the bank brought foreclosure proceedings based on its prior mortgage. The property was sold at a sheriff's sale to Marlen Coleman. The FmHA then purchased the property from Coleman for $112,900.

On January 10, 1986, the district court entered an order evicting Young from the property. In so ruling, it rejected Young's contentions that (1) there is no federal statutory authority or federal procedure to hear and determine questions of eviction from property; (2) the use of state eviction laws violated Young's due process rights; and (3) the United States wrongfully obtained ownership of the property through the use of a check issued from the Treasury in Young's name.

■ Young did not appeal the district court's decision.[1] Instead, on April 7, 1986, well beyond the time for appeal, he moved Fed.R.Civ.P. 60(b) to reconsider the January, 1986, eviction order. At the same time, the government petitioned the district court for a writ of assistance based on the January 9, 1986, order to remove Young from the property. On April 24, 1986, the district court denied Young's motion for reconsideration and granted the government's writ of assistance. Young filed this appeal on May 15, 1986.[2]

## II. DISCUSSION

### A. Denial of the 60(b) Motion

■ The district court properly dismissed Young's 60(b) motion. Rule 60(b) is not available as a substitute for appeal. *Hoffman v. Celebrezze,* 405 F.2d 833, 836 (8th Cir.1969). It provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. *Farmers Co-Operative Elevator Association Non-Stock of Big Springs v. Strand,* 382 F.2d 224, 232 (8th Cir.), *cert. denied,* 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967). The decision to grant this relief lies with the district court and may be reviewed only for abuse of discretion. *Design Classics v. Westphal,* 788 F.2d 1384, 1386 (8th Cir.1986). Under the facts of this case, the district court did not abuse its discretion.

■ In his motion, Young argued that (1) the actions of the FmHA amounted to fraud; (2) Young did not discover this "sham" until several months after trial (3) the district court lacked jurisdiction over the eviction proceedings; and (4) the United States Treasury advanced money in Young's name to the FmHA, which then

1. On January 31, 1986, Young filed for bankruptcy under Chapter 11. In his bankruptcy petition, Young listed the property at issue in the eviction proceedings as an asset. The bankruptcy court granted Young an automatic stay. On March 26, 1986, after a hearing, the bankruptcy court entered an order lifting the stay as requested by the government. The record does not indicate whether Young appealed the bankruptcy court's decision.

2. Young filed his appellate brief pro se. In it, he sought to challenge the merits of the original eviction order. Young filed this appeal, however, long after the 60-day period for review expired. Young can only challenge the denial of his 60(b) motion and the issuance of the writ of assistance.

 

used those funds to obtain title to the foreclosed property. Claims one through three lack merit. They are conclusory and were expressly rejected by the district court in the earlier eviction proceeding.

Young's claim that the FmHA used funds issued in his name to purchase the property after foreclosure is the only allegation that is factually specific. In his affidavit, Young stated that he received a copy of a U.S. Treasury check issued in his name in the amount of $112,900. Shortly thereafter, Young claimed he discovered the FmHA purchased the foreclosed property for the exact amount of the check issued to him. Young never negotiated the check, and the district court made no finding as to the ultimate disposition of it.

■ The district court properly denied Young's motion. The United States, in response to a request by this Court for further information concerning the disputed check, claims that, in fact, no treasury check was ever issued in that amount to Mr. Young. The government contends that Young forged the check attached to his pleadings.[3] Even if Young did not forge the check, he did not have any entitlement to it because his property had been foreclosed and sold at a proper sheriff's sale.

**B. The Issuance of the Writ**

■ The district court denied Young's motion and, based on the January, 1986, eviction order, issued a writ of assistance to the government. The district court correctly granted the writ because the government possessed a valid sheriff's deed and was, therefore, entitled to possession of the property. This Court recently held that if a party fails to challenge the district court on appeal "[t]hat judgment, right or wrong, becomes the law of the case and will govern the subsequent course of proceedings." *Design Classics*, 788 F.2d at 1386. In light of the earlier, unchallenged eviction proceeding, the district court did not abuse its discretion in denying Young's motion to

reconsider or in issuing the writ of assistance. Moreover, because Young failed to appeal the court's original decision, he may not now use his 60(b) motion to once again reach the merits of his earlier challenge. *See id.*

## III. CONCLUSION

Accordingly, we affirm the judgment dismissing Young's motion for reconsideration and granting the government's motion for a writ of assistance.

---

**3.** Based on these allegations, the State of North Dakota filed a criminal complaint against Young, charging him with making a false written statement during the course of his hearings at the district court, a Class A misdemeanor.