In re Roger Lynn
**ZIMMERMAN, Debtor.**

**Jane DOE, Appellant,**

v.

**Roger Lynn ZIMMERMAN, Appellee.**

No. 88–5108.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1988.

Decided March 14, 1989.

Lynn C. Tyler, South Bend, Ind., for appellant.

Vance O. Bushay, Minneapolis, Minn., for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and BATTEY, District Judge.*

---

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Donald D. Alsop, Chief United States District Judge for the District of Minnesota.

2. The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

BOWMAN, Circuit Judge.

Appellant, proceeding under the fictitious name of Jane Doe, appeals from a District Court[1] order affirming a Bankruptcy Court[2] decision denying her motion to dismiss Debtor's Chapter 7 bankruptcy petition and revoke his discharge. We affirm.

## I.

Jane Doe is the stepdaughter of Debtor. In December 1986 Doe filed suit against Debtor in federal court in Indiana claiming that Debtor had physically and sexually abused her. On January 16, 1987 that court granted Doe a default judgment against Debtor.

On January 20, 1987 Debtor filed a Chapter 7 bankruptcy petition in Minnesota, and on the following April 29 he was granted a discharge. No timely objections were filed either before or after discharge.

On July 28, 1987 Doe filed a motion, apparently based on Federal Rule of Civil Procedure 60(b)(6),[3] to revoke Debtor's discharge and dismiss his bankruptcy petition on the ground that the petition had been filed in bad faith.[4] The Bankruptcy Court denied the motion, holding that relief under Rule 60(b)(6) was not warranted because Doe failed to show that extraordinary circumstances had prevented her from obtaining relief through available bankruptcy procedures. The District Court, finding no abuse of discretion, affirmed the Bankruptcy Court's order.

## II.

Whether to grant relief under Rule 60(b) is a question committed to the discretion of

---

3. The Bankruptcy Court treated Doe's motion as one brought pursuant to Rule 60(b)(6), and Doe does not challenge that characterization.

4. Federal Rule of Civil Procedure 60 is made applicable to bankruptcy cases by Bankruptcy Rule 9024. Rule 60(b)(6) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment."

**1128**

the trial court. We will overturn the Bankruptcy Court's decision only for an abuse of discretion. *See Design Classics, Inc. v. Westphal (In re Design Classics, Inc.),* 788 F.2d 1384, 1386 (8th Cir.1986). Doe argues that "the compelling policy favoring the protection of the integrity of the federal courts" from petitions filed in bad faith requires that the Bankruptcy Court's denial of relief be overturned. Appellant's Brief at 7–8. We disagree.

Rule 60(b)(6) does not give courts unlimited authority to fashion relief as they deem appropriate. Relief under the Rule is an extraordinary remedy. *See Design Classics,* 788 F.2d at 1386; *L.Z. v. Parrish,* 733 F.2d 585, 588 (8th Cir.1984). It is not a substitute for other legal remedies. Such relief is to be granted only when exceptional circumstances prevented the moving party from seeking redress through the usual channels. *See Ackermann v. United States,* 340 U.S. 193, 199–202, 71 S.Ct. 209, 212–214, 95 L.Ed. 207 (1950); *Design Classics,* 788 F.2d at 1386.

In support of her motion to dismiss, Doe presented the Bankruptcy Court with evidence that Debtor had filed his bankruptcy petition in bad faith. The Bankruptcy Court found the evidence persuasive, noting that "[t]he evidence strongly suggests that Debtor filed [for] bankruptcy in Minnesota simply to gain an advantage in Doe's federal court action, that is, to force litigation of her claim in Minnesota rather than Indiana." *In re Zimmerman,* No. 4-87-0205, slip op. at 6 (Bankr.D.Minn. Nov. 16, 1987). The court pointed out, however, that Doe failed to utilize the means that were available to protect her interests. Specifically, the court found that Doe had failed "to timely object to Debtor's discharge pursuant to 11 U.S.C. § 727(a), to seek dismissal of Debtor's petition prior to his discharge pursuant to 11 U.S.C. § 707(a), and to timely object to the discharge of the debt owed her by Debtor pursuant to 11 U.S.C. § 523(a)." *Id.* at 7. Doe does not deny that these procedures were legally available to her, and she has given the Bankruptcy Court, District Court, and this Court no explanation for her failure to use them.

We find unpersuasive Doe's argument that, even though she presented no explanation for her failure to seek redress through the usual means, the "integrity of the federal courts" requires that her motion be granted. As the District Court pointed out, "The integrity of the court[s] is protected not only by not allowing parties to manipulate one court against another, but also by requiring parties to avail themselves of available procedures." *Doe v. Zimmerman,* No. 3-87-833, slip op. at 3 (D.Minn. Feb. 12, 1988). It was within the Bankruptcy Court's discretion to conclude that in the absence of timely objection, Debtor's discharge should stand. *See Consolidated Shoppers Credit Plan, Inc. v. Daugherty (In re Daugherty),* 32 B.R. 461, 465–66 (Bankr.E.D.Tenn.1983). We find that the Bankruptcy Court's denial of Doe's motion was not an abuse of discretion.

The District Court's order upholding the Bankruptcy Court's denial of Doe's motion is affirmed.