**NUCOR CORPORATION, Appellant,**

v.

**NEBRASKA PUBLIC POWER DISTRICT, Appellee.**

No. 92–3232.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1993.

Decided July 22, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 1, 1993.

.Roger P. Cox, Lincoln, NE, argued, for appellant.

James A. Eske, Lincoln, NE, argued, for appellee.

Before BOWMAN,· WOLLMAN, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Nucor Corporation (Nucor). appeals from the district court's order granting Nebraska Public Power District's (NPPD) motion under Fed.R.Civ.P. 60(b) for partial satisfaction of a 1987 judgment. We hold NPPD's Rule 60(b) motion was untimely, and the district court had no jurisdiction to entertain the motion.

## I. BACKGROUND

This present litigation stems from a breach of contract claim brought by Nucor in 1987 against NPPD. A discussion of the facts underlying that claim can be found at *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343 (8th Cir.1989), *cert. denied*, 498 U.S. 813, 111 S.Ct. 50, 112 L.Ed.2d 26 (1990) (*Nucor I*). The issue ·before us now is whether a reduction in the rates for electricity which NPPD charged Nucor in 1987 par-

tially satisfied the judgment awarded Nucor in *Nucor I*.

Nucor, which operates a steel mill, alleged in *Nucor I* that from 1974 to 1986,· NPPD had charged Nucor unfair, unreasonable, and discriminatory rates for electricity. On March 13, 1987, three weeks before the trial began, NPPD adopted a resolution stating it had overcharged Nucor in the amount of $1,527,301. The resolution provided NPPD would make a settlement offer in that amount in exchange for termination of the litigation. If Nucor did not accept the offer, NPPD would reduce by $1,527,301 the rates charged to Nucor from March 1, 1987, to December 31, 1987. Nucor did not accept the settlement offer, and the action proceeded to trial.

At trial, NPPD argued that the 1987 rate reduction was a refund, and the reduction fully compensated Nucor for any overcharges which occurred in the previous years. Nucor, however, argued the rate reduction did not compensate it for any overcharges. Nucor contended the reduction brought the rates for 1987 closer to the appropriate level, but even with the reduction, the 1987 rates were too high.

The jury returned a verdict for Nucor. In response to a special interrogatory, the jury found that the rates charged to Nucor by NPPD were not fair, reasonable, and nondiscriminatory for each of the years from 1974 to 1986. In response to Special Interrogatory No. 5, the jury listed for each year ·the amount of damages suffered by Nucor from these rates. The jury's answer to Special Interrogatory No. 6 listed the total amount of the damages Nucor sustained as $7,492,-430, which is the sum of the damages listed in Special Interrogatory No. 5. Special Interrogatory No. 7, which is at the heart of the present contention, asked the jury, "Does the rate reduction in the amount of $1,527,-301 which Nucor Corporation will receive ... refund the damages which Nucor has· sustained?" The jury responded, "No."

On May 15, 1987, the district court entered judgment in Nucor's favor in the amount of $4,403,546.70.[1] NPPD appealed and this

---

1. The jury had determined that Nucor sustained    damages in the amount of $7,492,340 from 1974

court affirmed the district court's judgment in its entirety. *See Nucor I*, 891 F.2d at 1352.

On October 5, 1990, almost three and one-half years after judgment was entered, NPPD filed in the district court a motion for partial satisfaction of the judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (6). In this motion, NPPD asked the district court to enter an order finding that NPPD had partially satisfied the judgment by $1,527,301, the amount of the 1987 rate reduction.[2] The court denied the motion, finding the jury's verdict "clearly incorporated [the amount of the rate reduction] into its calculation of damages which Nucor had sustained." *Nucor Corp. v. Nebraska Pub. Power Dist.*, Order, No. CV. 85–0–773 (July 8, 1991). NPPD then moved for a new trial or for alteration or amendment of the court's order. The district court set aside the July 8 order, and, after a hearing, entered an order granting NPPD's motion for partial satisfaction of the judgment in the amount of the 1987 rate reduction. *See Nucor Corp. v. Nebraska Pub. Power Dist.*, Order, No. CV. 85–0–773 (Aug. 31, 1992).

## II. DISCUSSION

Nucor argues that the district court abused its discretion in granting NPPD's motion because the motion under Rule 60(b) which was filed October 5, 1990, was untimely, and NPPD failed to demonstrate any exceptional circumstances which prevented it from seeking redress through the usual channels.

Rule 60(b) provides in relevant part: ·

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final ·judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged ...

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time....

Fed.R.Civ.P. 60(b).

■ Relief under Rule 60(b) is an extraordinary remedy. It is not a substitute for other legal remedies, and relief under this rule is to be granted only when exceptional circumstances prevented a party from seeking redress through the usual channels. *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir.1989). What · constitutes a "reasonable time" under Rule 60(b) is dependant on the facts of each case, and the time during which an appeal is pending is counted when determining whether a motion was filed within a reasonable time. *Federal Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766–67 (8th Cir.1989). We review a district court's determinations under Rule 60(b) for abuse of discretion. *Id.* at 767.

NPPD argues that under *Harris v. Union Elec. Co.*, 846 F.2d 482 (8th Cir.1988), a Rule 60(b) motion is timely if it is filed following appeal to this court and denial of certiorari by the Supreme Court. In *Harris*, this court held the district court did not abuse its discretion by reviewing a Rule 60(b) motion filed almost twenty-three months after judgment, because the ·judgment had been subject to modification on appeal during that entire time.[3]

■ NPPD filed its Rule 60(b) motion almost three and one-half years after the district court entered judgment. We recognize that the judgment was subject to modification on appeal during this time. However, the similarity between *Harris* and the present case ends there.

Here, whether the rate reduction had refunded any damages to Nucor had been an

---

through 1986. However, the district court reduced the jury's award on the ground that the statute of limitations barred recovery of damages sustained before August 14, 1980.

**2.** We note NPPD's claim that the 1987 rate reduction partially satisfied the judgment rests on the assumption that the 1987 rates, prior to the reduction, were fair and nondiscriminatory. At

oral argument, the parties informed the court that Nucor has brought another action against NPPD, claiming that the 1987 rates also were unfair, unreasonable,. and discriminatory.

**3.** This court did note, however, that "a better approach may have been for [the party] to file its motion before appealing the entire judgment."

issue at trial.[4] The district court indicated during the jury instruction conference that it intended to decide as a matter of law, before it entered judgment, whether the 1987 rate reduction refunded damages Nucor suffered from previous rates. The court also stated that it intended to enter judgment on the basis of the decision it made on the refund issue, as well as certain other issues. *See* Trial Tr. at 2200–02. The court's stated intention in submitting Special Interrogatory No. 7 regarding the 1987 rate reduction to the jury was to help the court in connection with entry of the judgment. *See* Trial Tr. at 2217. When the district court entered judgment, it did not mention the refund issue, nor did it reduce the judgment by the amount of the rate reduction.[5]

NPPD did not request a hearing on the refund issue after the jury returned a verdict for Nucor. After the court entered judgment without reducing it by the amount of the purported refund, NPPD did not raise the issue in its motion for judgment notwithstanding the verdict. NPPD also did not raise the issue on the first appeal to this court.

NPPD had several opportunities to raise the refund issue and ask the district court to decide whether the judgment should be reduced by the amount of the purported refund. This issue should have been raised without delay. Unlike the satisfaction claimed in *Harris*, which was not an issue in the underlying action, whether the rate reduction was a refund was an issue in the 1987 litigation, and both parties' interpretation of the rate reduction was argued to the jury. The facts underlying the issue are complicated, and were fresh in the trial court's mind immediately after the trial. Thus, it was necessary for the court to address the issue at the first opportunity. Additionally, NPPD knew the district court intended to rule on the refund issue as a matter of law before it entered judgment. Despite this knowledge, it failed to take any action to bring this issue before the district court. Direct appeal was

the proper way for NPPD to attack any purported error in the court's failure to enter judgment in a manner that reflected a "refund." *See In re Design Classics, Inc.,* 788 F.2d 1384, 1386 (8th Cir.1986).

In an attempt to justify its three and one-half year delay, NPPD contends that a motion filed before the end of the rate reduction period would have been premature. It points out that the rate reduction was scheduled to take place over a ten-month period and would not have been completed until December 1987. We find this excuse disingenuous. At trial, NPPD argued to the jury that Nucor should be awarded no damages because the rate reduction had refunded all damages. Arguing that a prospective rate reduction has refunded all damages is no different than claiming that the reduction should be credited against the judgment.

NPPD has failed to show any exceptional circumstances which prevented it from advancing the refund issue at an earlier, timely stage. It was not prevented from seeking redress through the usual channels, and we fail to see why it should now be allowed this extraordinary remedy at such a late date. *See Zimmerman,* 869 F.2d at 1128; *see also Cupples,* 889 F.2d at 767. We hold NPPD's Rule 60(b) motion was untimely, and the district court abused its discretion in entertaining the motion.

We decide this case on the ground that NPPD's Rule 60(b) motion was untimely; however, if we were to address the case on the merits, we would reverse. We have reviewed together the language of Special Interrogatory Nos. 5, 6, and 7, and believe the only logical interpretation of the jury's answer to No. 7 is that the rate reduction did not refund to Nucor *any* damages it sustained.

In Special Interrogatory No. 5, the jury had listed for each year the damages Nucor sustained. In No. 6, it stated that the total amount of damages Nucor suffered was the

---

**4.** NPPD has attempted to downplay to this court the role the rate reduction played at trial. The 1987 rate reduction was not the central issue; however, whether this reduction refunded *any* damages Nucor suffered was argued to the jury.

**5.** The court did, however, address the other issues which it had stated it would decide as a matter of law.

sum of the damages listed in No. 5. The amount of damages the jury listed in No. 6 is far greater than the amount of the purported refund. Special Interrogatory No. 7, which asked the jury whether the rate reduction refunded damages, has meaning only if it is interpreted to ask whether it refunded *any* damages. Reading No. 7 as NPPD suggests, as asking whether the rate refund in the amount of $1,527,301 refunded *all* the damages Nucor suffered, which the jury had determined to be in the amount of $7,492,430, renders this interrogatory meaningless. Common sense dictates that a "refund" of $1,527,301 cannot fully compensate damages of $7,492,430.

### III. CONCLUSION

We hold NPPD's motion under Rule 60(b) for partial satisfaction of the judgment was untimely, and that the district court had no jurisdiction to consider the motion. We vacate the district court's August 31, 1992, order amending the judgment.