5 F.3d 533
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA; Richard Clifton, Revenue Officer
of the Internal Revenue Service, Appellees,
v.
Richard H. THOM, Appellant.
 No. 93-1134.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 8, 1993.
Filed: September 14, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Thom timely appeals from the District Court's[1] final order denying Thom's motion under Fed. R. Civ. P. 60(b) to set aside a judgment entered against him. We affirm.
 
 
 2
 Another panel of this court previously affirmed the District Court's judgment ordering Thom to comply with an Internal Revenue Service (IRS) summons. United States v. Thom, 962 F.2d 12 (8th Cir.) (unpublished per curiam). On October 15, 1992, within one year after entry of the district court's judgment, Thom moved pursuant to Rule 60(b) to set aside the district court's judgment. The district court denied Thom's motion.
 
 
 3
 Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), cert. denied, 484 U.S. 836 (1987). Thom's appeal from the denial of his motion presents this court only with the question of whether the trial court abused its discretion in ruling on the motion. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988).
 
 
 4
 Although Thom couches his arguments in the language used in Rule 60(b), he simply reasserts arguments previously rejected or not considered by this court in his prior appeal. This alone provides grounds for denial of the motion. Sanders, 862 F.2d at 170. Moreover, even if Thom had newly discovered evidence, his motion fails because of his admission that he did not discover his new evidence due to his own inadvertence. Peterson v. General Motors Corp., 904 F.2d 436, 440 (8th Cir. 1990). Pro se status and lack of skill in the ways and rules of the court do not provide the exceptional circumstances required to grant relief pursuant to Rule 60(b). Feinstein v. Moses, 951 F.2d 16, 20-21 (1st Cir. 1991).
 
 
 5
 We conclude that this appeal is frivolous and entirely without merit. As a sanction for bringing this frivolous appeal, Thom is ordered to pay damages to the government in the amount of $300. See Fed. R. App. P. 38. In addition, costs shall be taxed against Thom. See Fed. R. App. P. 39(a).
 
 
 6
 The order of the District Court is affirmed. Unless Thom complies in full with the judgment of the District Court within thirty days after the issuance of our mandate, he will be subject to contempt penalties.
 
 
 
 [1]
 The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota