16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Kraig M. LAGER, Appellant,
v.
Paul D. CASPARI; Larry Bogan; W.E. Jackson, Capt.; Donna
Kay Brown; Margaret Puff; Sue Brinkman;
Attorney General; Henry Cox, Appellees.
 No. 93-3067.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 6, 1994.
Filed: January 19, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kraig Lager appeals from the district court's[1] final order denying his motion under Federal Rule of Civil Procedure 60(b) to set aside a judgment entered against him. We affirm.
 
 
 2
 In his 42 U.S.C. Sec. 1983 action, Lager challenged the constitutionality of Mo. Rev. Stat. Sec. 491.230.2 (Supp. 1992) (preventing incarcerated persons from appearing at and attending civil proceedings other than proceedings to terminate parental rights), and claimed that correctional officer Henry Cox confiscated four law books from his cell in retaliation for Lager's exercising his right of access to the courts. We affirmed the district court's grant of summary judgment to defendants on the grounds that an inmate does not have a constitutional right to attend proceedings related to a civil lawsuit and that Lager did not present sufficient proof of a retaliatory motive on Cox's part. Lager v. Attorney General, No. 93-1801 (8th Cir. July 15, 1993) (unpublished per curiam).
 
 
 3
 Prior to this court's affirmance, Lager pro se moved the district court for relief from the judgment under Rule 60(b)(6), on the ground that the gross negligence of his appointed counsel (including the failure to respond to defendants' motion for summary judgment) left him essentially unrepresented and prevented an adjudication on the merits of Lager's claims. The district court denied relief, holding Lager had not shown how he would respond to defendants' summary judgment motion or how the outcome might differ if he were permitted a second opportunity to oppose it.
 
 
 4
 Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), cert. denied, 484 U.S. 836 (1987). A motion under Rule 60(b) is within the discretion of the district court, whose ruling may be reversed only when the court clearly abused its discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.) (motions under Rule 60(b) are viewed with disfavor), cert. denied, 469 U.S. 1072 (1984).
 
 
 5
 This court has held that where counsel neglected to file a resistance to a motion for summary judgment and the district court addressed the merits of the case, counsel's ignorance or carelessness did not entitle the plaintiff to relief under Rule 60(b). Cline v. Hoogland, 518 F.2d 776, 778 (8th Cir. 1975). The district court, and this court on appeal, addressed the merits of
 
 
 6
 Lager's claims. Lager has not shown that his counsel's performance amounted to an exceptional circumstance warranting relief. Thus, the court did not clearly abuse its discretion in denying Lager's Rule 60(b) motion.
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri