36 F.3d 1100
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Helen Fonville BESS Appellant,
v.
THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT (HUD); Henry Cisneros, Secretary of
Department of Housing and Urban
Development, Appellees.
 No. 94-1522.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1994.
Filed: September 20, 1994.
 
 Before MAGILL, LOKEN, and Morris Sheppard ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Helen Fonville Bess sued the United States Department of Housing and Urban Development (HUD), claiming unfair treatment. On November 4, 1993, the district court[1] dismissed the action as barred by the six-year limitations period of 28 U.S.C. Sec. 2401(a) for actions against the United States. Bess filed a "motion to reconsider" on November 29, and filed documents in support of the motion on January 31, 1994, asking the court to reconsider its decision based on her extenuating circumstances: illness, lack of knowledge of the law, and HUD's refusal to assist her. Bess submitted copies of documents that she asserted HUD falsely denied receiving, and a doctor's diagnosis of her emotional problems. On January 31, the district court treated the motion as a timely Federal Rule of Civil Procedure 60(b) motion and denied it, holding (1) the medical records on file did not support that, because she was ill, Bess could not file her case within the limitations period; (2) ignorance of the law is no defense, even for a pro se litigant; and (3) Bess did not explain the relevance of the submitted documents. Bess filed a notice of appeal on February 14, 1994.
 
 
 2
 Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), cert. denied, 484 U.S. 836 (1987). Presumably, Bess's motion attempted to rely on the grounds of excusable neglect and fraud. We conclude the district court did not abuse its discretion in finding that the documents Bess submitted did not support any allegation that her illness kept her from timely filing her complaint, and that the relevance of the documents to her filing late was neither explained nor apparent; thus, we affirm the district court's denial of Bess's motion. See Printed Media Serv., Inc. v. Solna Web, Inc., 11 F.3d 838, 842 (8th Cir. 1993) (standard of review). The appeal of the Rule 60(b) motion does not permit review of the underlying judgment, as to which Bess's notice of appeal was untimely. See Fed. R. App. P. 4(a)(1); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988).
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri