108 F.3d 1380
 79 A.F.T.R.2d 97-1653
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell J. NEUMANN and Helen M. Neumann, Defendants-Appellants.
 No. 96-3348.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 11, 1997.*
Decided March 12, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 The government brought this suit against Russell and Helen Neumann to reduce their tax liabilities to judgment, set aside certain transfers of property by them, and to foreclose the tax liens against the properties. In December 1990, we affirmed the district court's order reducing the tax liabilities to judgment, setting aside the transfers and authorizing the sale of two of the four properties, namely, the taxpayers' residence at 2836 Stony Beach Avenue and rental property at 320 Merritt Avenue in Oshkosh, Wisconsin. At the same time we vacated that part of the foreclosure order against two other properties and remanded the case to the district court to consider whether third parties owned those two properties.
 
 
 2
 In September 1991 the district court entered an amended decree of foreclosure removing the two properties in dispute. In July 1996, after notice and a judicial sale of the 320 Merritt Avenue property, the district court confirmed the sale, ordered that upon application the Clerk of the Court should issue a writ of assistance to the purchaser of the property and ordered the distribution of the proceeds.
 
 
 3
 On August 16, 1996, taxpayers filed a Rule 60(b) motion for relief from judgment, which was denied by the district court on August 19, 1996. On November 19, 1996, taxpayers filed a notice of appeal.
 
 
 4
 On September 9, 1996, the district court issued a writ of assistance providing that taxpayers must evacuate the premises at 320 Merritt Avenue. On September 13, 1996, taxpayers filed a notice of appeal from the writ of assistance.
 
 
 5
 Denial of Rule 60(b) motion for relief from confirmation of sale
 
 
 6
 As noted, on July 25, 1996, after judicial sale of the property at 320 Merritt Avenue in Oshkosh, the court confirmed the sale, ordered the Clerk of the Court to issue a writ of assistance to the purchaser, and ordered the distribution of the proceeds. On August 16, taxpayers filed a rule 60(b) motion for relief from judgment, which was denied by the district court on August 19, 1996. Taxpayers' notice of appeal from that order was filed on November 19, 1996, and not within 60 days of the August 19, 1996 order. Therefore this Court does not have jurisdiction over that appeal, which provides for a period of 60 days to file a notice of appeal when the United States is a party. Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 264.
 
 Issuance of writ of assistance
 
 7
 Assuming that the issuance of the writ of assistance in this case was a final appealable order, it was properly issued. On November 3, 1989, the district court ordered judgment for the United States and entered a decree of foreclosure ordering the taxpayers' property sold in satisfaction of their tax liabilities. Consequently their property at 320 Merritt Avenue in Oshkosh was sold to Darrell Jansen at a United States Marshal's auction in June of 1996.
 
 
 8
 On July 25, 1996, the district court confirmed the sale and ordered that upon application by the United States, the Clerk of the Court should issue a writ of assistance in order to put Mr. Jansen in possession of the Merritt Avenue property. On September 9, 1996, the United States applied for a writ of assistance based on Mr. Jansen's affidavit that the taxpayers refused to vacate the property. Therefore a writ of assistance was issued and served on taxpayers on September 10, 1996. The taxpayers filed a notice of appeal on September 13, 1996.
 
 
 9
 Taxpayers have failed to show any right to stay on the land so that the district court properly issued a writ of assistance to enable Mr. Jansen to have possession of the property. United States v. Young, 806 F.2d 805, 807 (8th Cir.1986); Hamilton v. Nakai, 453 F.2d 152 (9th Cir.1972); United States v. Real Property & Premises, etc., 860 F.Supp. 72 (E.D.N.Y.1994).
 
 
 10
 Taxpayers' appeal from denial of their motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure is dismissed for lack of jurisdiction, and the judgment granting a writ of assistance is affirmed.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)