**In re Max R. HANSEN, Debtor(s).**

**No. 9:07–bk–05644–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

July 22, 2008.

Edward R. Miller, Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtor.

*ORDER DENYING MOTION FOR RELIEF FROM ORDER GRANTING MOTION TO COMPROMISE AND MOTION TO REDISTRIBUTE PAYMENT TO CREDITOR* (Doc. Nos. 94 and 109)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTERS under consideration currently before this Court in the Chapter 13 case of Max R. Hansen (Debtor) is 1) Motion For Relief from Order Granting Motion to Compromise, filed by Marcia Haskins, f/k/a Marcia Stevenson (Ms. Stevenson); and 2) Motion to Redistribute Payment to Creditor, filed by John Morrison.

In order to place the issue for resolution in proper focus, it should be helpful to recite the events preceding the matter currently before this Court. The established undisputed facts are as follows:

Prior to the commencement of the Chapter 13 case, the Debtor and his wife, Martha Hansen, sued Ms. Stevenson and the Unknown Tenants in the Circuit Court of the Twentieth Judicial Circuit In and for Collier County, Florida, Case No.: 05-533-CA-01. In addition to the above, John Morrison (Mr. Morrison) filed a separate lawsuit in the Circuit Court of the Twentieth Judicial Circuit In and for Collier County, Florida, naming the Debtor, his wife and Ms. Stevenson as Defendants, Case No.: 05-508-CA-01.

On or about September 27, 2006, the parties participated in a court ordered mediation. At the conclusion of the mediation, the parties came to an agreement and filed their respective Mediation Settlement Agreement (Settlement Agreement) with respect to the suit filed by the Debtor against Ms. Stevenson, Case No.: 05-553-CA-0l, and the second suit filed by Mr. Morrison, Case No.: 05-508-CA-01. The Settlement Agreement provided that the Debtor was required to pay the sum of $7,500.00 to Mr. Morrison by December 1, 2006. Furthermore, Ms. Stevenson within three (3) days of receiving the sum of $100,000.00 from the Debtor and his wife pursuant to the Settlement Agreement was required to pay Mr. Morrison the total amount of $7,500.00. The record is clear that the Debtor did in fact pay Mr. Morrison the $7,500.00 due to him pursuant to the Settlement Agreement. However, the Debtor and his wife have failed to pay Ms. Stevenson the $100,000.00 settlement amount and, therefore, the Debtor, his wife and Ms. Stevenson have not complied with the Settlement Agreement.

On June 30, 2007, the Debtor filed his Petition for Relief under Chapter 13 of the Bankruptcy Code (Code).

On July 16, 2007, Ms. Stevenson filed her Verified Motion for Relief from Stay (Doc. No. 16). Ms. Stevenson sought relief from the automatic stay in order to proceed in the state court against the Debtor's wife to enforce the Settlement Agreement.

On September 6, 2007, this Court held a hearing which was noticed as a final evidentiary hearing on Ms. Stevenson's Motion for Relief. In attendance at the hearing was Mr. Richard J. Hollander (Mr. Hollander), as counsel for the Debtor, Ms. Stephany S. Carr (Ms. Carr), as counsel for Ms. Stevenson, who was also present. Prior to the commencement of the final evidentiary hearing, Ms. Carr announced to the Court that a settlement had been reached between the Debtor and Ms. Stevenson and Ms. Stevenson had agreed to

withdraw her Motion for Relief. Mr. Hollander outlined the terms of the compromise and Ms. Carr concurred and stated "that's correct, Your Honor, that was our settlement." (See Trial Transcript dated September 6, 2007, page 7, lines 23–24).

On September 11, 2007, Ms. Carr on behalf of Ms. Stevenson filed a Proof of Claim. The Proof of Claim indicated that the claim is filed in the alternative, that is, that either the amount of $37,500.00 is to be treated as unsecured priority claim or the total sum of $50,000.00 is to be treated as a general unsecured claims as per compromise of controversy. (See Proof of Claim, Claim No. 8–1 dated September 11, 2007).

On December 14, 2007, the Debtor filed a Motion to Compromise Controversy (Doc. No. 40). On January 22, 2008, the Debtor filed an Objection to Claim No. 8–1 filed by Ms. Stevenson (Doc. No. 51). On February 22, 2008, Ms. Stevenson, pro se, filed her Response to Debtor's Objection to Claim No. 8–1 (Doc. No. 66).

On March 7, 2008, this Court held a hearing to consider the following motions:

(1) Debtor's and Co–Debtor's Motion for Sanctions as to Marcia Stevenson and David F. Garber, Esq. (Doc. No. 55);

(2) Continued Hearing on Motion to Compromise Controversy (doc. No.40);

(3) Debtor's Objection to Claim No. 8–1 of Marcia Stevenson (Doc. No. 51); and

(4) Motion to Withdraw as Counsel for Marcia Stevenson by Stephany S. Carr.

Present at the hearing was Mr. Hollander, counsel for the Debtor, Ms. Carr representing Ms. Stevenson, and David F. Garber, Esq. (Mr. Garber). Mr. Garber represented himself and notified the Court that he did represent Ms. Stevenson in the State Court litigations. Also present at the hearing was Ms. Stevenson and the Debtor.

At the beginning of the hearing Mr. Hollander referred this Court to the transcript of the hearing held on September 6, 2007. Mr. Hollander informed this Court that at the September 6th hearing Ms. Stevenson, Ms. Carr, Mr. Hansen and he were present. Additionally, Mr. Hollander stated that at the same hearing held on September 6, 2007, that he announced the terms of the settlement between the Debtor and Ms. Stevenson. (See Trial Transcript, September 6, 2007, Page 7, Lines 10–22). When the Court questioned the parties about the terms of the agreement, all parties agreed as indicated by counsel for the Debtor. (See Trial Transcript, September 6, 2007, Page 7, Lines 23–25, Page 8, Line 1). At the conclusion of the hearing on the settlement, the Court requested a motion to compromise be filed and both Mr. Hollander and Ms. Carr agreed that the parties would work on the motion together and the Debtor would prepare the actual motion to compromise to be filed. (See Trial Transcript, September 6, 2007, Page 8, Lines 2–16). After the conclusion of the September 6, 2007, hearing Ms. Carr alleges that Ms. Stevenson contacted her and stated that she did not like the agreement. Ms. Carr claims that Ms. Stevenson stated that she wanted to be paid the amount in full and for whatever she was unable to get from the Debtor she would sue Mrs. Hansen. However, this was after Ms. Stevenson agreed to the terms of the agreement in open court. (See Trial Transcript March 7, 2008, Page 7, Lines 10–16).

This Court after having heard extensive statements made by Mr. Garber asked Ms. Stevenson pointedly, "Ma'am, you agreed to it in court to that agreement?" (See Trial Transcript March 7, 2008, Page 17, Lines 21–22). Ms. Stevenson responded to

the Court, "I agreed to once I spoke with my attorney. I said I would not sign anything." (See Trial Transcript March 7, 2008, Page 17, Lines 23–24).

After this Court was assured that Ms. Stevenson was physically present at the September 6th hearing and that she heard what her attorney stated to the Court, Ms. Stevenson, without alerting the Court, claimed that she misunderstood her attorney. The Court stated to Ms. Stevenson that she was present at the hearing and had an opportunity to address the Court and state that the agreement was not acceptable to her. Absent such statement to the Court, the Court stated to Ms. Stevenson that unless she immediately filed a motion for rehearing to set aside the agreement she could not be relieved of the settlement.

On March 20, 2008, this Court entered its Order and approved the Compromise between the parties (Doc. No. 74). On the same date, this Court entered its Order Sustaining Debtor's Objection to Claim No. 8–1 filed by Marcia Stevenson (Doc. No. 71), Order Denying Debtor and Co-debtor's Motion for Sanction as to Marcia Stevenson and David G. Garber, Esq. (Doc. No. 72) and Order Granting Motion to Withdraw as Counsel filed by Stephany S. Carr (Doc. No. 73).

On May 26, 2008, the parties signed and filed in the Circuit Court Case No.: 05–553 a Mutual General Release. The Release was signed by the Debtor and Martha Hanson on March 26, 2008. Ms. Stevenson executed the Release on April 21, 2008, before a Notary Public.

Before considering the substantive grounds as plead in the Motion for Relief from Order Granting the Motion to Compromise (Doc. No. 94), it should be noted that the Order to which the present Motion is directed was entered on March 20, 2008. Furthermore pursuant to F.R.B.P.

9023, the Motion under consideration was not filed with this Court until long after the time required for rehearing had expired. Counsel for Ms. Stevenson attempted to use F.R.B.P. 9024(6) as an alternative if the basis for the relief from the Order is found to be untimely. However, counsel for Ms. Stevenson still requests that the Court still grant the relief based on justice and fairness without any reference to Fed.R.Civ.P. 60, as adopted by F.R.B.P. 9024(b)(6), the only possible grounds for relief. Rule 9024 permits relief for judgment or order to be granted, if filed, not later than one year from the entry of the order or judgment sought to be relieved from.

This record leaves no doubt that the Motion for Relief under consideration is untimely. Thus, it would be appropriate to deny the Motion without considering the substantive merits of the Motion as noted because timeliness was not raised by any of the parties. However, even if the Motion is denied it will have to be denied without prejudice thus, giving counsel for Ms. Stevenson an opportunity to file an amended motion. On the other hand, in further consideration, and to avoid any further litigation before this Court, the Court is satisfied that it will consider the substantive basis urged by counsel for Ms. Stevenson or the relief sought.

The Motion for Relief is based on the proposition that the Order which granted the Motion to Compromise was heard September 6, 2007, was not agreed upon by Ms. Stevenson. Ms. Stevenson contends that prior to the formal hearing beginning, counsel for the Debtor proposed a settlement to Ms. Stevenson and Ms. Carr. Ms. Stevenson now asserts that she advised both Ms. Carr, her former counsel, and Mr. Hollander that she would in no way consent to settle the dispute with the Debtor under the terms proposed by the

Debtor's counsel. She further contends that contrary to her wishes and special instructions Ms. Carr represented to the Court that a settlement had been reached. Ms. Stevenson contends that she was under the impression that no agreement had been reached until she was given the opportunity to discuss possible settlement negotiations with her husband and her state court counsel.

According to Ms. Stevenson, shortly after the hearing she informed Ms. Carr that she would not settle the matter and did not accept the offers made by the Debtor. Thereafter, unbeknownst and contrary to Ms. Stevenson's specific instructions, on December 14, 2007, Ms. Stevenson contends that Ms. Carr executed the Motion to Compromise Controversy on behalf of her although she was not authorized to settle the matter under the terms proposed by the Debtor. Furthermore, Ms. Carr did not have authority to file a proof of claim on behalf of Ms. Stevenson in the amount claimed. In addition, Ms. Stevenson contends that she was unaware that she had a right to contest the compromise until the Court suggested in open court that she could file a Rule 9024 Motion if she disagreed with the compromise as presented to the Court. Based on the foregoing, Ms. Stevenson has requested that this Court vacate the compromise Order so as to allow justice to be accomplished. According to Ms. Stevenson, the circumstances in this matter are definitely unusual, and to deny her request, would result in an inequitable manner and, furthermore, would impose an extreme hardship on her if such relief is not granted. Lastly, Ms. Stevenson contends that she exercised due diligence once she became aware that she had an opportunity to object to the compromise Order and if untimely, based on the unusual circumstances, the failure to timely file a request should be determined to be excusable neglect.

■ The Motion for Relief is filed pursuant to Fed.R.Civ.P. 60(b)(6), as adopted by F.R.B.P. 9024. Rule 9024 provides in pertinent part as follows: "On motion and upon such terms as are just, the court may relieve a party ... from a final order, judgment of proceeding for the following reasons: (6) any other reason that justifies relief."

■■ As a general rule, Rule 60(b) motions cannot be used as a substitute for appeal. It may not be used to relieve a party of an erroneous ruling when that party has made a considered choice not to pursue an appeal. *See Ackermann v. U.S.,* 340 U.S. 193, 198, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950).

■ In order to obtain relief from a judgment or order under the "catchall" provision of Fed. R. Civ. Pro. 60(b)(6) governing motions for such relief, the moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *In re Bott,* 03.2 I.B.C.R. 125, 126 (Bankr.D.Idaho 2003). The motion is not a substitute for a timely appeal of a final dispositive order or judgment and the rule is only available in cases evidencing extraordinary circumstances, and is improper to grant relief if the aggrieved party could have reasonably sought the same relief by filing a timely appeal.

In the case of *In re Wilson,* 349 B.R. 831 (Bankr.Idaho 2006), a Chapter 7 Debtor was not entitled to relief from a default judgment under the "catchall" provision of Fed. R. Civ. Pro. 60(b)(6) because the debtor failed to show grounds existed to grant the relief requested. The court concluded that the default judgment was en-

tered due to the debtor's own negligence since he failed to properly monitor his mail, in the belief that it would consist of "junk and bills."

In the case of *Harris v. U.S.*, 367 F.3d 74 (2d Cir.2004), the Court held that an attack on the integrity of a previous habeas corpus proceeding using the "any other reason" subsection of the rule affording relief from judgment is viable only in extraordinary circumstances, and such conditions will be particularly rare where the relief sought is predicated on the alleged failures of counsel in a prior habeas petition. The court noted that in order to obtain relief pursuant to the "any other reason" subsections of the rule affording relief under a judgment or order, the party seeking such relief must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or pro se. *Id.* at 77.

It is clear that "[t]he debtor has the burden to make a clear and convincing showing and demonstration that this motion falls between the purview of Rule 60." *In re Vision Metals*, 311 B.R. 692, 698 (Bankr.D.Del.2004) (citing *Keith County Bank & Trust Co. v. Cannady Supply Co., Inc.*, 6 B.R. 674 (Bankr.D.Kan.1980)). The Supreme Court in the case of *Klapprott v. U.S.*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 1099 (1949), has construed Rule 60(b)(6) as providing relief to parties who are confronted with extraordinary circumstances that excused their failure to follow ordinary paths of appeal.

In the case of *Ackermann v. U.S.*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), there must be an end to litigation someday and that the "choice was a risk, but calculated and deliberate ..." and, therefore, choices are not to be relieved from judgment. The Court is not a substitute for other legal remedies and such relief is to be granted only when exceptional circumstances prevented the moving party from seeking a redress through the usual channels. *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir.1989); *See Ackermann*, 340 U.S. 193, 71 S.Ct. 209; *Design Classics* 788 F.2d 1384, 1386 (8th Cir.1986).

As the court pointed out in *Zimmerman*, "[t]he integrity of the federal court[s] is protected not only by not allowing parties to manipulate one court against another, but also to require parties to avail themselves of available procedures." *Id.* at 1128 citing *Doe v. Zimmerman*, No. 3–87–833, slip op. at 3 (D.Minn. Feb. 12, 1998). *See Martinez–McBean v. Government of Virgin Islands*, 562 F.2d 908 (3d Cir.1977); *see also Mayberry v. Maroney*, 418 F.Supp., 669, *rev'd on other grounds*, 558 F.2d 1159; *In re Russell* 22 B.R. 143 (Bankr.D.Or.1982).

As noted above, this Court on March 20, 2008, entered its Order and approved the Compromise between the parties (Doc. No. 74). On the same date, this Court entered its Order Sustaining Debtor's Objection to Claim No. 8–1 filed by Marcia Stevenson (Doc. No. 71), Order Denying Debtor and Co-debtor's Motion for Sanction as to Marcia Stevenson and David G. Garber, Esq. (Doc. No. 72) and Order Granting Motion to Withdraw as Counsel filed by Stephany S. Carr (Doc. No. 73).

Most significantly on May 26, 2008, the parties signed and filed in the Circuit Court Case No.: 05–553 a Mutual General Release. The Release was signed before a Notary Public by the Debtor and Martha Hanson on March 26, 2008. And, on April 21, 2008, Ms. Stevenson executed the Release before a Notary Public.

The foregoing leaves no doubt that while Ms. Stevenson had full control of the matters coupled with the fact that she attended and participated at all the relevant hearings in this Court, when the Motion to

Compromise was considered, she had ample opportunity to challenge it in open court. Ms. Stevenson failed to express her opposition to the proposed terms, she signed the General Release. Thus, based on the foregoing, this Court is satisfied that this picture certainly does not present a situation representing an "extraordinary circumstance" which would warrant the relief sought pursuant by Ms. Stevenson pursuant to Fed.R.Civ.P. 60(b)(6), as adopted by F.R.B.P. 9024.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Order granting the Motion to Compromise (Doc. No. 94) be, and the same is hereby, denied with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Redistribute Payment to Creditor (Doc. No. 109) be, and the same is hereby, denied.