# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1776

_____

Reggie D. Huff

*Plaintiff - Appellant*

v.

Brookings Police Department; Dawn M. Elshere, Nominal Defendant; David
Erickson; Joel Perry; Sean Doremus; Marissa D. Marshall; Richelle Guerrieri; The
SDSU Foundation; Steve Erpenbach; Jane/John Does

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: October 4, 2024
Filed: November 18, 2024
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Reggie Huff appeals after the district court[1] denied his motion to vacate under
Rule 60(b)(6) of the Federal Rules of Civil Procedure and denied his motion to take

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the
District of South Dakota.

judicial notice. Huff asserts the court should have granted his motion to vacate based on a United States Supreme Court decision issued after the dismissal of his case.

Rule 60(b)(6) relief is an extraordinary remedy that may be granted only under exceptional circumstances. In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989). We will reverse the denial of a motion to vacate only for an abuse of discretion. Id. The denial of a motion to take judicial notice is also reviewed for an abuse of discretion. Triple H Debris Removal, Inc. v. Companion Prop. & Cas. Ins. Co., 647 F.3d 780, 784 (8th Cir. 2011).

Huff relies on Counterman v. Colorado, 600 U.S. 66 (2023) in which the Supreme Court held that the government must prove the defendant was, at least, acting recklessly when threatening another to support a conviction under an anti-stalking law. South Dakota did not arrest, detain, or charge Huff for threatening someone. The district court did not abuse its discretion in denying the motion to vacate.

Huff sought judicial notice of Judge Elshere's disqualification in a 2024 first degree murder case. The disqualification resulted from South Dakota's automatic disqualification statute and has no relation to the order of protection Judge Elshere issued against Huff. The district court did not abuse its discretion in denying the motion to take judicial notice.

For the foregoing reasons, the order of the district court is affirmed. Additionally, the "2nd Amended Notice of Appeal" filed by Huff on October 18, 2024 is denied as untimely. Fed. R. App. P. 3(a)(1) and (4)(a)(1).

_____