# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-3616

———————

Jackie Brooks,     *
   *
     Appellant,     *
   *    Appeal from the United States
     v.     *    District Court for the Eastern
   *    District of Missouri.
Ferguson-Florissant     *
School District,     *
   *
     Appellee.     *

———————

Submitted:  April 15, 1997

Filed: May 20, 1997

———————

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and MURPHY, Circuit
     Judges.

———————

MURPHY, Circuit Judge.

Jackie Brooks sued his employer, the Ferguson-Florissant School District under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq. The action was dismissed as untimely, and Brooks moved to set aside the dismissal. After that motion was denied, he filed a second motion in which he claimed he had discovered new evidence showing his action had been timely brought. The district court[1] determined that Brooks had not made a sufficient showing under Federal Rule of Civil Procedure 60(b) to

———————

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

reopen his case, and denied the motion.  Brooks appeals, and we affirm.

Brooks filed his complaint on July 3, 1995, alleging discrimination on the basis of race, age, and sex, and retaliation by an involuntary transfer from a social work position to teaching.  The school district moved to dismiss because the complaint stated that his right to sue letter had been received from the Equal Employment Opportunity Commission (EEOC) on March 30, 1995.  A litigant has ninety days from the receipt of the EEOC letter in which to start an action, 42 U.S.C. 2000e-5(f)(1), and Brooks had filed his case 95 days after the date he alleged for receipt of his letter.  Brooks did not respond to the motion to dismiss, and it was granted eight months later.  The order of dismissal was entered on April 9, 1996, and Brooks did not appeal.

On April 15, 1996, Brooks filed a "Motion to Set Aside Ordered [sic] of Defendant's Motion to Dismiss/or in the alternative to Vacate Order of Dismissal of April 9, 1996."  The district court treated this motion under Rule 59(e), which provides that motions to alter or amend a judgment can be brought within 10 days of entry of judgment.  Brooks argued that the EEOC letter showed that it had been mailed on March 30, 1995, it should have been presumed that the letter was received three days after mailing, and the suit was therefore timely filed.[2]  The district court denied the motion on the basis that a presumption should not apply because Brooks had affirmatively stated in his complaint that he had received the letter on March 30, 1995.  Brooks did not appeal from the denial of this motion.

---

[2]An additional three days would have made the filing timely even though it would have been 92 days after he had received the letter because the ninetieth day was a Saturday.  See F.R.Civ.P. 6(a).

Instead of appealing, Brooks filed on July 8, 1996 a "Second Motion to Set Aside Ordered [sic] of Defendant's Motion to Dismiss/or in the alternative to Vacate Order of Dismissal of April 9, 1996 Based on New Evidence."  Brooks referred to Rule 59(e) in his second motion, but it was treated as a Rule 60(b) motion because it was filed more than 10 days after the entry of judgment.  See Baxter Int'l, Inc. v. Morris, 11 F.3d 90, 92 n.2. (8th Cir. 1993).  In this motion Brooks contended that he had made an error in his complaint regarding the date of receipt of the EEOC letter, that he could not have received it before April 3, 1995, and that his claim was therefore timely.  The district court determined that this was not new evidence and that the necessary showing under Rule 60(b) had not been made.  Since Brooks would have known when he had received the letter, evidence of receipt after March 30, 1995 was previously available to him.  The court also pointed out that Brooks had still not said when he had received the letter; it was theoretically possible that he had picked it up from the EEOC.  Brooks appeals from the denial of this second motion.

Brooks argues his case should not have been dismissed because  it was actually filed within 90 days of receiving the EEOC letter.  He was proceeding pro se, and the district court should have added three to five days to the date the letter was mailed to determine accurately the date of receipt.  He points to a postal receipt he has obtained that shows the letter was received on April 4, 1995; his filing was therefore timely.  He claims he was unable to obtain this evidence earlier, "in part [because of his] lack of knowledge."

Under Rule 60(b) the movant must demonstrate exceptional circumstances to justify relief.  E.g., Atkinson v. Prudential Prop. Co., 43 F.3d 367, 371 (8th Cir. 1994).  We review only the

denial of the Rule 60(b) motion and do not squarely consider the merits of the underlying order. Cox v. Wyrick, 873 F.2d 200, 201-02 (8th Cir. 1989). Rule 60(b)(2) permits relief on the basis of new evidence that could not have been discovered by due diligence in time to move for relief under Rule 59; Rule 60(b)(6) can apply when exceptional circumstances prevent relief "through the usual channels." In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989). The denial of a motion brought under Rule 60(b) is reviewed for abuse of discretion. Atkinson, 43 F.3d at 371.

Brooks has not shown that he was diligent in seeking evidence about the correct day the EEOC letter was received in order to establish a timely filing. While we recognize that Brooks represented himself and may have had difficulty with procedural rules, the motion to dismiss provided him notice that the receipt date was critical and that he would lose his right to sue under Title VII if he had not filed within 90 days of receiving the letter. The EEOC letter itself plainly stated that he would lose his right of action if one was not filed within 90 days. Brooks did not respond to the motion to dismiss even though the district court waited eight months to rule on it. The postal receipt referred to in his brief was not obtained until after the district court ruled on his second motion, and his cryptic statement that he could not have gotten it earlier "in part [because of his] lack of knowledge" does not show he was diligent in seeking it. See Saxon v. Blann, 968 F.2d 676, 680 (8th Cir. 1992) (movant had the opportunity to obtain new evidence, but did not do so). Evidence of receipt of the letter was available from the post office and was obtained by Brooks four days after the EEOC suggested the post office would have it. In the exercise of reasonable diligence he could have obtained the needed evidence earlier to counter the

-4-

employer's motion to dismiss or to support his own motions to the district court, but he never did.

The district court did not abuse its discretion in finding that Brooks failed to make a sufficient showing under Rule 60(b).  Brooks offered no explanation for failing to respond to the motion to dismiss his underlying claim, he has not pointed to any circumstance that prevented him from appealing the dismissal, and he has not provided any reason why he apparently did not seek evidence to show that the date of receipt he pleaded was incorrect until after the district court denied his second motion.  See Zimmerman, 869 F.2d at 1128 (no explanation for failing to seek redress through usual means is a proper basis for denying Rule 60(b) motion); In re Design Classics, Inc., 788 F.2d 1384, 1386 (8th Cir. 1986) (same).

The order denying Brooks' July 8, 1996 motion is affirmed.


A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.