# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1441NE

_____

Cornelius Moore,                                       *
                                                       *
              Appellant,                               *
                                                       *    On Appeal from the United
      v.                                               *    States District Court
                                                       *    for the District of
Gregory L. Sims; Unknown Wilhelm,                      *    Nebraska.
Lt.; Luke Wilke; City of Lincoln Police                *
Department; Beverly Hawk;                              *    [To Be Published]
Cornhusker Place Detoxification                        *
Center; City of Lincoln, Nebraska,                     *
                                                       *
              Appellees.                               *

_____

Submitted: November 15, 1999
Filed:  January 24, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Nebraska inmate Cornelius Moore appeals from the District Court's dismissal with prejudice of his civil rights lawsuit under 28 U.S.C. § 1915(e)(2)(B)(ii), and from the denial of his Federal Rule of Civil Procedure 60(b) motion. We affirm in part, reverse in part, and remand to the District Court.

Moore filed a 42 U.S.C. § 1983 complaint alleging defendants illegally detained and searched him, violated his Fourteenth Amendment equal protection and due process rights, and acted contrary to state and local law. Specifically, Moore alleged the following. In March 1993 he was visiting his cousin in Lincoln, Nebraska, when Moore went outside around 10:15 p.m. to investigate some yelling. He saw an individual run away, and then he saw Kathryn Spencer, who was "bleeding from the nose." At 10:25 p.m., defendant police officers Sims and Wilke arrived in response to a disturbance call, and saw Moore and Spencer sitting in a vehicle. Moore was sitting in the passenger's seat. The officers questioned Moore and Spencer, and then placed Moore in the police car while they continued questioning Spencer. Spencer was arrested when the officers discovered she had an outstanding arrest warrant. The officers then asked Moore how much he had had to drink. Moore responded that he had consumed "several drinks," that he was not driving, and that he was staying at his cousin's house. Without performing a breathalyser test, Wilke handcuffed Moore, told him that he was being transported to the Cornhusker Detoxification Center, pat-searched him, and placed him in the police car.

Upon arrival at the detoxification center, Sims said Moore was being placed in "civil protective custody," and forced Moore to remove his shoes, coat, and belt and to empty his pockets. While Sims was "rambling through [Moore's] items," Sims placed an item that did not belong to Moore among his belongings. (We are recounting the allegations of the complaint, which we must accept as true for present purposes.) Sims said he would return if that item was "what he [thought] it [was]," and took the item to the police department to be tested. Defendant Hawk, an administrative employee of the detoxification center, then administered to Moore a breathalyser test, which indicated he was not legally intoxicated. Hawk "atte[m]pted to hide the test result," refused to allow Moore to make a telephone call, and placed him "in some type of solitary confinement room and locked the door." The item Sims tested turned out to be cocaine. At the direction of defendant Wilhelm, Sims's supervisor, Sims returned to the detoxification center, transported Moore to the county jail, and charged him with

possession of a controlled substance. Moore ultimately pleaded no contest to the charge.

The District Court dismissed all but one of Moore's claims as being barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Court did not initially dismiss Moore's claim that his due-process rights were violated because it concluded that claim did not necessarily call into question his criminal conviction. Moore filed an objection to the Court's dismissal of his claims, and also filed an amended complaint. Construing Moore's objection as a motion under Rule 60(b), the Court denied it. The Court then dismissed the amended complaint with prejudice under section 1915(e)(2)(B)(ii), concluding Moore failed to state a claim for violation of his due-process rights.

Under section 1915(e)(2)(B)(ii), a District Court shall dismiss a complaint filed in forma pauperis "at any time if . . . the action . . . fails to state a claim on which relief may be granted." After our de novo review, cf. Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (28 U.S.C. § 1915A dismissal reviewed de novo), we conclude that Moore's claim that he was unlawfully seized should not have been dismissed as it was not barred by Heck. In Heck, the Supreme Court held that a section 1983 action should be dismissed if a judgment "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence," unless the conviction or sentence was reversed, expunged, declared invalid, or called into question. The Court noted, however, that some section 1983 actions, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment" against a plaintiff and should be allowed to proceed. See Heck, 512 U.S. at 486-87. The Court stated:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983

action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

Id. at 487 n.7 (internal citations omitted).

Moore's unlawful-seizure claim falls within this category. If Moore successfully demonstrates that his initial seizure and detention by officers was without probable cause, such a result does not necessarily imply the invalidity of his drug-possession conviction. We therefore reverse the dismissal of this claim.

We agree, however, that Moore's claim that evidence was unlawfully "planted" was Heck-barred and therefore properly dismissed. Cf. Moore v. Novak, 146 F.3d 531, 535-36 (8th Cir. 1998) (plaintiff convicted of assaulting officer was Heck-barred from bringing § 1983 claim that officer destroyed or secreted videotape of incident). We also conclude it was proper to dismiss Moore's due-process claim regarding his brief detention at the detoxification center after Sims found apparent contraband in Moore's possession. Finally, we agree Moore did not demonstrate exceptional circumstances warranting Rule 60(b) relief from the dismissals of these claims. See Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 904 (8th Cir. 1997).

Accordingly, we affirm in part, reverse in part, and remand.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-