# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2829ND

_____

United States of America,     *
               *
     Appellee,     *
               *
  v.           *
               *
James J. Mosbrucker; Margaret  *
Mosbrucker,        *
               *
     Appellants,    *
               *
State of North Dakota; Peter Hulm, * On Appeal from the United
S & M Company; J and S Mobile  * States District Court
Homes Service, Inc., a corporation; * for the District of
Robert F. Holt, doing business as  * North Dakota.
Credit Adjusters; Mandan Community *
Center; Ray Hoffman; Terry Gimbel; * [Not To Be Published]
Melvin Jahner; Community Credit  *
Union, of Bismarck; United Accounts, *
Inc., a corporation; Ed Van Beek; Gray *
Oil Company, a corporation; Mack & *
Associates, Inc., a corporation; Dakota *
Credit, Inc., a corporation; John   *
Sullivan, doing business as Cannonball *
Ranch; James Massett; Northwest Tire, *
Inc., a corporation; Security State Bank, *
of New Salem; Bank Center First;  *
Roger Hatzenbuehler,     *
               *
     Defendants.    *

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

James and Margaret Mosbrucker appeal from the District Court's[1] denial of their motion to vacate a prior order granting summary judgment to the United States in its foreclosure action against the Mosbruckers. The District Court granted summary judgment to the government after the Mosbruckers, through counsel, had admitted in their answer that they were delinquent on their government loans, and had failed to respond to the summary judgment motion. The Mosbruckers filed a Federal Rule of Civil Procedure 60(b)(4) motion to vacate the judgment, arguing that the judgment was void because the District Court had lacked subject matter jurisdiction in light of the government's failure to allege that the Mosbruckers had been provided with the notices required under the Agricultural Credit Act of 1987, 7 U.S.C. §§ 1981d(a) and 2001(g), and 7 C.F.R. § 1955.15 (2000). We affirm the District Court's denial of the Rule 60(b)(4) motion.

An appeal from the denial of a Rule 60(b) motion which, like the Mosbruckers' motion, was filed more than ten days after entry of an order granting summary judgment, presents us only with the propriety of the denial of Rule 60(b) relief. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988). We conclude the District Court did not abuse its discretion in denying such relief. See Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 905 (8th Cir. 1997) (standard of review). First, and most important, the Mosbruckers (who had counsel below) could have raised

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

this defense to the complaint prior to the entry of summary judgment. See <u>Global Network Techs., Inc. v. Regional Airport Auth.</u>, 122 F.3d 661, 665-66 (8th Cir. 1997) (postjudgment motion cannot be used to tender new legal theories which could have been presented during pendency of summary judgment motion). Also, the Mosbruckers presented nothing in their Rule 60(b) motion to show why the District Court would not have had subject matter jurisdiction over the matter under 28 U.S.C. § 1345 (district courts have original jurisdiction over civil suits commenced by United States), and the Mosbruckers did not rebut the government's evidence that notices of intent to foreclose and of the Mosbruckers' corresponding rights were in fact sent to them.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.