Carol LANGSFORD, Plaintiff,

v.

YALE UNIVERSITY SCHOOL OF MEDICINE and Yale–New Haven Hospital Corp., Defendants.

No. 3:97 CV 2624(CFD).

United States District Court,
D. Connecticut.

Aug. 30, 2001.

Barbara E. Gardner, Manchester, CT, for plaintiff.

Margaret P. Mason, Lori B. Alexander, Tyler, Cooper & Alcorn, Kevin C. Shea, William H. Clendenen, Jr., New Haven, CT, Patrick M. Noonan Delaney, Zemetis, Donahue, Durham & Noonan, Guilford, CT, for defendants.

## RULING ON MOTION FOR RELIEF FROM JUDGMENT

DRONEY, District Judge.

The plaintiff has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The motion [Document # 64] is DENIED for the following reasons.

## I. Background

The plaintiff filed this action against the defendants, Yale University School of Medicine and Yale New–Haven Hospital Corporation, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213. On August 31, 2000, the Court granted the defendants' motions for summary judgment on the ground that the plaintiff had failed to file an administrative complaint within 300 days of her alleged discrimination, as required by the ADA. The Court concluded that the plaintiff's discrimination claims accrued on June 14, 1994, which was the date she received a letter terminating her medical residency at the university and her "house officer" position at the hospital. The Court also concluded that the plaintiff filed her administrative complaint 302 days after her claims accrued, and thus that it was untimely filed. The Clerk entered judgment in favor of the defendants and the plaintiff filed her motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[1]

## II. Rule 60(b)

Rule 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

---

**1.** The plaintiff also filed a notice of appeal, which was subsequently withdrawn without prejudice pending the resolution of this motion.

reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

■ "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words, it should be broadly construed to do 'substantial justice,' yet final judgments should not be 'be lightly reopened.'" *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986) (citations omitted). Further, "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Id.* Whether to grant a Rule 60(b) motion ultimately lies within the sound discretion of the district court. *See id.; Thompson v. County of Franklin,* 180 F.R.D. 216, 220 (N.D.N.Y.1998).

The plaintiff in this case seeks relief from judgment on the grounds of excusable neglect, newly discovered evidence, and other exceptional circumstances justifying relief. *See* Fed.R.Civ.P. 60(b)(1), (2), (6).[2] In support of her motion, the plaintiff has submitted a supplemental affidavit stating that although she previously believed that she received her termination letter on June 14, 1994, on September 15, 2000, she found an envelope sent by the defendants with a postmark of June 15, 1994 while cleaning her bedroom; and as a result now believes she received the termination letter on June 16, 1994. Accordingly, the plaintiff maintains that she first received notice of her termination on June 16, 1994, and thus that her discrimination claims did not accrue until that date, which was fewer than 300 days from the date she filed her administrative complaint.

■ Notwithstanding this evidence, the Court declines to exercise its discretion to grant the plaintiff relief from judgment. As to the plaintiff's claim of excusable neglect under Rule 60(b)(1), the Court has considered, among other factors: (1) the danger of prejudice to the defendants; (2) the length of delay and its potential impact on the proceedings in this case; (3) the reason for the delay; and (4) the plaintiff's good faith. *See*

*Bateman v. United States Postal Serv.,* 231 F.3d 1220, 1223–24 (9th Cir.2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Although Rule 60(b)(1) may apply in cases involving negligence, carelessness, or inadvertent mistakes, *see id.,* in this case the Court concludes that the plaintiff's neglect in presenting evidence that she first received notice of her termination on June 16, 1994 was not excusable.

Recognizing the plaintiff was ill in June 1994, and assuming she has acted in good faith throughout these proceedings, the Court nevertheless concludes that her delay in presenting this evidence was considerable and potentially prejudicial to the defendants. The plaintiff was aware from at least December 1999 that the defendants were challenging the timeliness of her administrative complaint. The plaintiff also was aware that one of the principal issues specifically raised in the defendants' summary judgment motions was whether she had filed her administrative complaint within 300 days after her discrimination claims accrued. *See* Yale–New Haven Hosp.'s Mot. Summ. J. [Documents # 43]; Yale Univ. Sch. Med.'s Mot. Summ. J. [Document # 40]. However, the plaintiff failed to present any evidence that she first received notice of her termination on June 16, 1994 until approximately September 15, 2000. Before that time, she consistently maintained that she received the letter on June 14, 1994. Consequently, the defendants were not able to depose the plaintiff or otherwise conduct discovery concerning this new evidence. For example, had the plaintiff originally claimed she received the letter on June 16, 1994, the defendants most likely would have pursued the following inquiries: (1) the location of the missing certified mail receipt necessary to verify the date the plaintiff received the envelope postmarked June 15, 1994; (2) whether the envelope postmarked June 15, 1994 included her termination letter; (3) why the plaintiff previously admitted in her deposition she received the letter on June 14, 1994[3]; (4) whether she received another copy of

---

**2.** The plaintiff cites to Rule 60(b)(2) and (6) as the bases for her motion; but the Court will also apply Rule 60(b)(1).

**3.** In her February 22, 2000 affidavit, the plaintiff also stated that she received the letter on June

14, 1994. *See* Pl.'s Mem. Opp'n Summ. J. Ex. A, ¶ 8 [Document # 49].

the letter in her medical school mailbox on June 14, 1994; and (5) whether the plaintiff was verbally informed of her termination by Dr. Morrow on June 7, 1997. Nor would the defendants be able to pursue these inquiries fully at this late date, likely causing them prejudice.[4]

■ As to the plaintiff's claim of newly discovered evidence under Rule 60(b)(2), the Court has considered whether: (1) the newly discovered evidence is of facts existing at the time of the summary judgment argument and decision; (2) the plaintiff is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative of evidence already offered. *See Thompson v. County of Franklin*, 180 F.R.D. at 220–21. Assuming that the new evidence in this case is admissible and non-cumulative, the Court nevertheless concludes that the plaintiff was not excusably ignorant of the evidence. Nor did she use due diligence to learn of the evidence.

The plaintiff concedes that she possessed the envelope postmarked June 15, 1994, long before the Court issued its summary judgment ruling, which may be sufficient to bar relief from judgment in this case. *See id.* Moreover, again assuming the plaintiff was ill in June 1994, she has not presented a sufficient reason for her failure to locate this evidence until she was cleaning her bedroom on September 15, 2000. *See Brooks v. Ferguson–Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir.1997).

■ Finally, the Court concludes that there are no other exceptional circumstances justifying relief in this case under Rule 60(b)(6). The only basis for such relief identified by the plaintiff is the recently located envelope postmarked June 15, 1994 and her recent recollection that she first received notice of her termination on June 16, 1994.

However, such matters are not a sufficient ground for relief here under Rule 60(b)(6), even in light of the considerable discretion afforded under that provision. *See Warren v. Garvin*, 219 F.3d 111, 114–15 (2d Cir.), *cert. denied*, 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000).

### III. Conclusion

The plaintiff's motion for relief from judgment [Document # 64] is accordingly DENIED.[5]

---

4. For example, Rebekah Sue Harris, a medical school secretary, is apparently no longer employed by the defendants or available to testify concerning whether the plaintiff met with Dr. Morrow on June 7, 1994.

5. The plaintiff also claims she attempted to pursue discovery of the certified mail receipt in this case and filed a motion to compel answers to her discovery requests. However, the Court denied the motion to compel without prejudice and the plaintiff apparently made no other effort to pursue discovery.